## Josephine Ryan v. A. P. Ryan et al.

### (Case No. 5079.)

1. Attachment — Action by wife against the husband.— A wife, under the liberal provisions of the constitution and laws of Texas for the protection of her separate property, may, in her own name, maintain a suit by attachment levied on community property belonging to herself and her husband, to secure payment of a debt which is her separate property due from the husband. To secure such a debt, she is entitled to all remedial process afforded by the law to any one. While this is true, such a claim, sought to be enforced by attachment, should be closely scrutinized, to guard against fraud and collusion between husband and wife to defeat other creditors.

2. Cases reviewed.— Price v. Cole, 35 Tex., 471; Hall v. Hall, 52 Tex., 298; Huber v. Huber, 10 Ohio, 371; Motley v. Sawyer, 38 Maine, 68; Whitney v. Whitney, 3 Abb. Prac. Rep. (N. S.), 358; Scott v. Scott, 13 Ind., 225; Clough v. Russell, 55 N. H., 281; Jones v. Jones, 19 Iowa, 242; and Tunks v. Grover, 57 Me., 588, reviewed.

3. Case overruled.— The case of Price v. Cole, 35 Tex., 471, overruled in Grace v. Wade only on the question raised in it under the registration laws, and as to innocent purchaser without notice.

Appeal from Tarrant. Tried below before the Hon. A. J. Hood.

Appellant sued her husband, A. P. Ryan, in debt, and had attachment levied on the community property of herself and her husband. The defendant was served but made no appearance. Appellees intervened as creditors of A. P. Ryan, claiming that plaintiff's attachment was collusive; that plaintiff and defendant were husband and wife; that their debts were community debts, and the property attached by plaintiff, upon which they had subsequently levied their attachments, was community property, and that plaintiff's levy should be subordinated to theirs. There was a trial, verdict and judgment for appellees.

A. P. Ryan and appellant were husband and wife, and living together as such from February, 1881, to the date of trial. The plaintiff's claim was *bona fide* her separate property and was contracted on March 4 and October 31, 1881. On this debt she sued out attachment against A. P. Ryan on December 12, 1881, and the writ was levied upon merchandise which had been acquired by A. P. Ryan during his marriage with plaintiff. The appellee's debts were contracted by A. P. Ryan after his marriage with plaintiff, and after plaintiff's levy their attachments were levied on the same goods, and before trial they had obtained judgment with liens foreclosed. The court charged the jury that plaintiff and A. P. Ryan, being husband and wife at the date the suit was brought, she could not by her attachment of community property acquire paramount rights over community creditors, and to find for intervenors.

*Sawnie Robertson*, for appellant, cited: Webster *v.* Webster, 58 Me., 139; S. C., 4 Am. Rep., 253; Wilson *v.* Wilson, 36 Cal., 447; May *v.* May, 9 Neb., 16 (S. C., Am., 403); Hall *v.* Hall, 52 Tex., 294.

*A. M. Carter*, for appellee, cited: R. S., arts. 1204, 2851, 2857; Murphy *v.* Coffey, 33 Tex., 510.

WEST, ASSOCIATE JUSTICE.— We are of opinion that the court erred in instructing the jury without any qualification, whether, as matter of law, the appellant, who was a creditor of appellee Ryan, because she was his wife when the suit was filed, could not lawfully have in her favor a writ of attachment issued against the community property, and thereby acquire rights superior to other creditors who had just debts against the community.

Under our system of marital law, as regulated by the constitution and statutes, and as expounded from time to time by this court, the wife can in a proper case, for the protection of her separate rights, maintain a suit in her own name against her husband.

The case of Price *v.* Cole, 35 Tex., 471, was a suit by a wife against her husband to foreclose a lien created by a mortgage executed by the husband to the wife upon community property, to secure a separate debt due by him to his wife. A creditor intervened, and the court refused at his instance to foreclose the lien supposed to exist by reason of the wife's note and mortgage. It was in fact treated as void as against creditors of the community. Upon argument and on examination of the question, the supreme court, as then organized, in 1871–2, reversed the judgment of the court below, and rendered a judgment in favor of the wife on the note executed to her by her husband, and entered a decree foreclosing the lien and directing the land to be sold for the payment of the wife's debt.

In Hall *v.* Hall, 52 Tex., 298, 299, this court had occasion to pass in review the opinion delivered in Price *v.* Cole on this point. The case in which it was considered was one of some interest and importance, both on account of the difficult legal questions involved, and also by reason of the nature and character of the suit. The questions, too, were carefully and fully presented to the court by counsel of learning, experience and ability. The case, too, itself bears evidence of being fully considered by the court. It was there in effect held, and we believe correctly held, in substance, that an action will lie in the name of the wife, against her husband, on a promissory note executed by him to her, in consideration of moneys, her separate property, loaned by her after marriage to her husband.

It follows from this case, and it is there in substance so stated, that if the wife can maintain a suit as any other creditor can, then she must also be entitled to all such writs and remedies against her husband that are allowed to other creditors. So, also, it has been held in Alabama, that what any other creditor may do to enforce the collection of his debts, or to secure their final payment, the wife may also do as to her separate estate, under the limitations of the laws enacted for her protection. (See Walker v. Abercrombie, Galveston term, 1884, *ante*, p. 69.) Rowland v. Plummer, 50 Ala., 193; Wells on Sep. Property of Married Women, sec. 374. In Ohio it has been held that a wife may sue her husband on his note, executed to her for money borrowed by him of her after marriage. Huber v. Huber, 10 Ohio, 371, 372.

In Maine, the husband, for value, and *bona fide*, indorsed and delivered a negotiable note to the wife; it was held she took the paper with the rights of any other indorsee. Motley v. Sawyer, 38 Me., 68. See herein, *post*, Tunks v. Grover, 57 Me., 588.

In New York, it has been held that the wife can maintain *trover* against her husband. Whitney v. Whitney, 3 Abb. Prac. Rep. (N. S.), 358; 49 Barb. (N. Y.), 319. Also that she may bring an action of ejectment. Minier v. Minier, 4 Lans. (N. Y.), 422.

In Indiana, it is held that the wife may sue her husband, without a next friend, to recover her separate property. Scott v. Scott, 13 Ind., 225.

In New Hampshire, in Clough v. Russell, 55 N. H., 281, it was said: "The logical result seems to be that the *status* of marriage interposes no obstacle in the way of either party, maintaining against the other a suit at law, in respect of those contracts which the wife is empowered to make."

In Iowa, it has been held that the wife may bring *replevin* against her husband to recover her separate property. Kramer v. Conger, 16 Ia., 434. It was also in the same state held, that in a proper case she would be entitled to the benefit of a writ of *injunction* against her husband. Jones v. Jones, 19 Ia., 242.

In Maine, it has been held that the wife can garnish the husband as trustee for her debtor. In this connection, in this case, the court makes the following pertinent remarks: "We see no valid reason to debar her from it, even if it follows as a necessary result that she must array herself against her husband in an action at law to obtain it. *Ubi jus ibi remidium;* and when the legislature has conferred rights of this description upon married women in such emphatic terms, it is not for us to deny the appropriate process to

enforce them, although long-cherished and familiar doctrines of the common law are thereby overturned." Tunks v. Grover, 57 Me., 588.

Under the liberal provisions of our constitution and laws for the protection and preservation of the separate property and rights of married women, we are of opinion that the wife can maintain, in her own name, her action in the case under consideration. We also believe that she would be entitled, in a proper case, to the benefit of writs of attachment, sequestration, injunction, or any like writ, to which any other creditor would be entitled, in order to protect and preserve his rights.

Of course, writs of this character between husband and wife ought not to be encouraged, and ought in every instance to be scrutinized very closely indeed by the courts, and every effort made to prevent fraud and collusion between them, to the prejudice of the rights of creditors or third parties.

Reference has been made above to the case of Price v. Cole, and its partial affirmance by this court in the case of Hall v. Hall, above cited. It may be proper to say, in this connection, that in the head-notes of the case of Grace v. Wade, 45 Tex., 523, the case of Price v. Cole is said to be overruled by that case. The statement is not entirely accurate. The case was only overruled in Grace v. Wade on the question raised in it under the registration laws, and as to an innocent purchaser without notice. In other respects, it was not there questioned, and, as we have seen, in the later case of Hall v. Hall, above cited, it was expressly approved on the question as to whether a note and mortgage executed directly to the wife by the husband, without the intervention of a trustee, were valid instruments.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered April 29, 1884.]