B. P. Dority et al. v. Helen Dority et al.

Decided October 24, 1902.

**1.—Husband and Wife—Action by Wife Against Husband—Separate Estate—Rentals.**

Where a husband and wife had permanently separated, and the husband alone thereafter executed leases of her separate property for a term longer than one year, providing that the rentals should be paid to him, and was appropriating such rentals to his own use, she could maintain suit against him and the lessees, who had notice that the property was her separate estate and of the permanent separation, to cancel the leases and recover the rental value of the land.

**2.—Same—Res Adjudicata.**

A judgment against the husband under article 2972, Revised Statutes, for support, was not res adjudicata of a suit by her to cancel a lease of her separate property executed by the husband alone after they had permanently separated.

**3.—Same—Separate Property—Gift by Husband.**

The husband having given to his wife the proceeds of her dairy, it was not error to set apart to her as her separate estate other property which had been purchased with such proceeds.

**4.—Same—Husband's Lease of Wife's Separate Property—Joinder of Wife.**

A lease of the separate land of the wife for a term longer than one year is, under the statute, a conveyance in which the wife is required to join, with separate acknowledgment, in order to render it affectual. Rev. Stats., arts. 624, 628, 635.

**5.—Same—Husband's Power of Management.**

A husband's right of management of his wife's separate property depends on their living together and his proper exercise of the trust, and he will therefore not be permitted, after they have permanently separated, to continue in such trust.

**6.—Same—Husband's Apparent Authority a Protection to Third Persons—Rents.**

The payment of rent by a lessee to the husband under a lease by him of his wife's separate property, made while they were living under the same roof and he was apparently in the rightful custody of such property, will bar a recovery of such rent by the wife from the lessee.

Pleasants, Associate Justice, dissents as to the cancellation of the husband's leases of the wife's separate property, and the order restraining him from further control thereof.

Appeal from the District Court of Nueces County. Tried below before Hon. Stanley Welch.

*G. R. Scott,* for appellants.

*McCampbells & Stayton* and *J. C. Scott,* for appellees.

GARRETT, Chief Justice.—This action was brought by the appellee Helen Dority in the District Court of Nueces County against her husband, the appellant B. P. Dority, and the appellants James W. Durst and R. P. Clarkson, and against A. A. Thompson, who has not appealed, for the cancellation of certain leases of land, the appellee Helen Dority's separate property, made by the husband B. P. Dority, and to enjoin him from interfering with her separate estate and to re-

cover of the lessees the rental value of the land. There was a trial by the court without a jury which resulted in a judgment in favor of the plaintiff as prayed for. All of the defendants have appealed except Thompson.

B. P. Dority and Helen Dority became man and wife September 13, 1873, and continued to live together as such until October 26, 1899, when she refused to live with him any longer as his wife. After that time they conducted separate households in the same homestead until January, 1901, when the defendant B. P. Dority left the plaintiff in possession of the homestead and went to Mexico. He returned in May, 1901, and offered to resume marital relations with the plaintiff, but she refused, stating that she would have nothing to do with him. He then left her in sole possession of the homestead and they have lived apart ever since. The homestead as well as the other real estate described in the petition and known as the Dority ranch and the town lots belongs to the plaintiff as her separate property. In addition to this she owned in her separate right the personal property adjudged to her. Since October 26, 1899, when their marital relations ceased, the defendant B. P. Dority has contributed nothing to the support of the plaintiff, and although he has at all times had control of her separate property and leased the same, he failed to pay the taxes thereon or to give her any of the proceeds thereof. The trial judge found from the evidence, which fully sustained the finding, that there is no reasonable expectation or possibility that the plaintiff and her husband would ever resume their marital relations, and that their separation was complete and final.

November 10, 1899, the plaintiff brought a suit against B. P. Dority in the District Court of Nueces County for divorce, alleging cruel treatment, excesses, and outrages on his part toward her of such a nature as to render their further living together insupportable, and in that suit sought to have her separate property set apart to her and a division of the community property. On the verdict of a jury the divorce was granted and appellee's separate estate was set apart to her and a division of the community property made by agreement subject to the result of an appeal. The appeal resulted in the reversal of the judgment granting the divorce, and the plaintiff thereafter, May 16, 1901, dismissed her suit. This suit was instituted June 11, 1901.

The defendant B. P. Dority is a strong, healthy man, a wheelwright by trade, but had for ten years no employment except odd jobs at his trade. He has no separate estate, and the only property that he has any interest in is the homestead in the possession of the plaintiff and certain household and kitchen furniture, their community property. But at the trial below he withdrew all demand for affirmative relief as to any division or equitable disposition as to the homestead and the personal effects contained therein belonging to the community. The plaintiff Helen Dority is a frail and delicate woman 44 years of age, and is subject to spells of serious illness. She supports herself by her

own labor in milking and keeping a dairy with cows her separate property, earning thereby about $30 a month. This she has done for the past ten years, and the defendant B. P. Dority has during that time contributed nothing to her support except furnishing groceries, but for two years before the trial he had furnished nothing at all, and in no. manner contributed anything to her support either by supplies, labor, or otherwise. She had received nothing from the rents of her property, and out of her personal earnings had paid the taxes thereon within the last two years for 1898, 1899, and 1900. The defendant B. P. Dority failed to pay the taxes upon the plaintiff's property; he declared that he was unable to do so, and allowed it to be advertised for sale for the delinquent taxes of 1898. In order to raise the money to pay the taxes and prevent a sale of her land and to furnish herself means of support, the plaintiff, without joinder of her husband, contracted to lease the ranch to one H. H. Keys at a rental of $200 per annum. The defendant B. P. Dority repudiated the lease and prevented Keys from taking possession of the land. It was then the plaintiff refused to live with him any longer.

By a written instrument dated October 23, 1899, but executed five days after the plaintiff had told defendant B. P. Dority that she would no longer live with him as his wife, the said B. P. Dority, without the knowledge or consent of the plaintiff or her joining him therein, undertook to lease the Dority ranch to the defendant James W. Durst for a term of one year with privilege of renewal of the lease at the end of that time for two years. The consideration was a rental of $10 a month and the privilege to said B. P. Dority to pasture therein about ninety head of horses, the separate property of said B. P. Dority, and fifteen or twenty head of cattle, the community property of himself and wife. There was no provision in said lease for a subletting. The defendant Dority sold his horses to Durst and also sold the cattle and paid no part of the proceeds to the plaintiff. Durst held possession under this lease until December 17, 1900, when with the consent of defendant he sublet by verbal lease to A. A. Thompson for an unexpired term of three years, or until October 23, 1902, at a rental of $20 a month in money and improvements to the value of $5 a month. Durst paid on this lease to the defendant Dority $150, no part of which was paid to the plaintiff, but was applied by the said Dority to his attorney fees and other expenses in the divorce suit and other litigation between the plaintiff and himself. Having been notified by plaintiff not to pay rents to the defendant Dority, Thompson has held the rents due by him subject to the issue of this suit, except $80 which was paid to the defendant Dority during the pendency of the divorce suit and applied by him to his own use. By the terms of the lease from Durst to Thompson, the latter was to recognize Durst as his landlord but the rent was to be paid to the defendant Dority. This lease was also made without the knowledge or consent of the plaintiff and during the pendency of the suit for divorce. The defendant Thompson had held pos-

session of the land ever since the date of his lease, and has placed improvements thereon amounting to $120 in value.

On May 21, 1901, the defendant Dority, without the knowledge or consent of the plaintiff or her joining therein, executed a written instrument by which he undertook to lease to the defendant R. P. Clarkson the Dority ranch for the term of ten years from that date with the privilege of renewal at the end of that period for the term of five years for a rental of $25 a month, to be paid monthly in advance to the said B. P. Dority, with the verbal understanding that possession was not to be taken under said lease until the expiration of the lease to Thompson without an agreement with him. No possession has yet been taken by Clarkson under this lease. The lease contained a clause that the lessee Clarkson should pay all expenses and costs of litigation incurred in resisting the attempt of any person to recover possession of the land, to be reimbursed by the rents as they fell due. The Dority ranch is of the reasonable rental value of $25 a month; the town lots are unproductive and yield no revenue, except that the homestead is occupied by the plaintiff. The defendant Dority assigned the leases to his attorneys to pay his attorney fees and personal debts of over $650, and to pay a note for money obtained to defend a suit involving the title to the land. The title of the plaintiff was of record and the several defendant lessees knew of her separate ownership of the property.

The trial judge concluded that the several leases of the plaintiff's ranch were a legal fraud upon the rights of the plaintiff and that they should be set aside and canceled. We think the facts justify this conclusion. Appellant Dority's first assignment of error is addressed to the overruling of his general demurrer. The facts alleged show that the parties were living separately and apart, and that the husband was refusing to contribute anything to the wife's support, and had fraudulently endeavored to alienate her separate land by long terms of lease, and was depriving her of all use thereof and appropriating to his own use the rents thereof, while she was required by her own personal labor to earn money and pay the taxes against the land which he had allowed to become delinquent and for which a sale had been advertised and was threatened. While the facts causing the separation may not have been sufficient to entitle the plaintiff to a divorce, and while the fault of the separation may have been the plaintiff's, yet the facts remained that they were separated without hope of ever resuming their marital relations; that the land belonged to the plaintiff's separate estate; and that the defendant in fraud of her rights was endeavoring to alienate her land by leases for long terms and was appropriating to his own use the rents received therefor and refusing to pay any portion thereof to the plaintiff. Under the state of facts thus alleged the plaintiff had the right to maintain a suit against her husband and the lessees under his attempted leases to cancel the leases and to restrain him from interfering with her separate estate. As stated in O'Brien v. Hilburn, 9 Texas, 298: "When the husband assumes the power of absolute disposition, or

any control inconsistent with the marital rights of the wife, he violates his duty and the trust reposed in him by the law, and is responsible for it. And when in consequence of any unauthorized act of his, violative of her marital rights, it becomes necessary for the wife to resort to suit, there is no necessity that she should join her husband in the action. His having assumed a power of disposition or control over her property inconsistent with her rights, affords of itself a sufficient reason for omitting to join him in an action which has for its object a restoration or preservation of the rights of which he has sought to deprive her. In such a case, if it be necessary that the husband be made a party to the suit, it should be, it would seem, in the character of defendant rather than that of plaintiff."

We are of the opinion that the petition stated a good cause of action against the husband and the other defendants for the cancellation of the leases and the restraining of the husband from further interference with the plaintiff's property, and that the district court had jurisdiction of the cause of action. It was not the proceeding contemplated by article 2972 of the Revised Statutes, and an unsuccessful proceeding under that article would not be res adjudicata of the present suit. Hence the court did not err in overruling the defendant's plea setting up the proceeding by the plaintiff in the county court under article 2972 of the Revised Statutes, in which judgment had been rendered against her in bar of this action. The portions of the answer set out in paragraphs (g) and (h) of the second assignment of error presented no defense and were properly stricken out. The conclusions of fact that there is no reasonable expectation or possibility that the said parties will ever resume their marital relations, which is assailed in the third assignment of error, finds full support in the evidence and will not be disturbed by this court. The conclusion of fact assailed in the fourth assignment of error, that the consideration of the conveyance by B. P. Dority to his wife for the 1550 acres of land comprising the ranch was for money received by her from the estate of her father, is supported by the recital in the deed, but it is immaterial, as the land was shown to be the separate property of the plaintiff. The conclusion that Dority gave his wife her earnings in the dairy was supported by his evidence. This is attacked by the fifth assignment. In this connection we dispose also of the thirteenth assignment of error against the conclusion of the court awarding to the plaintiff in her own separate right the two cows and a calf. We infer from the evidence that the defendant Dority gave the plaintiff the proceeds of her dairy and that these cows were purchased with such proceeds, and there would be no error in holding them to be separate property and consequently none in setting them apart to her although treated as community property. The conclusion as attacked under the sixth assignment, that Dority applied no part of the rent received from the ranch to plaintiff's use, in the light of the explanation made by other parts of the finding and the evidence, makes the

error, if any, immaterial. The same may be said as to the seventh assignment.

By the eighth assignment of error it is contended that the court erred in holding that the wife is required by law to join her husband in a lease of her separate real estate. The facts show that the husband after he had become separated from his wife in case of the Durst lease, and during the pendency of a suit by her for a divorce in case of the renewal of that lease and the subletting to Thompson, and in case of the Clarkson lease after the reversal of the decree of divorce and the dismissal of the suit, but while living separate and apart from his wife, undertook by written instrument to lease the wife's separate property for a longer period than one year, in the case of the lease to Clarkson for a period of ten years with the privilege of a renewal for five more years. We are of the opinion that such a lease under the statute is a conveyance in which the wife is required to join in order to make it valid. Revised Statutes, arts. 624, 628, 635; see also 26 Am. Dig., p. 2069. We are further of the opinion that even if it should be held, which we do not believe should be done, that the husband would ordinarily have the power to lease the wife's separate lands for a longer term than one year without her joining in the lease, yet the facts in this case show such a legal fraud upon the rights of the wife that the leases should be canceled on that account.

The sole management by the husband of the wife's separate property depends upon their living together as husband and wife and his proper exercise of the trust. He will not be permitted after the parties have become permanently separated to continue in this trust or to abuse it, and the judgment of the court restraining the defendant Dority from further control of or interference with his wife's separate property was right. The lease having been made to Durst and the rental thereon collected while the defendant Dority was under the same roof with the plaintiff and apparently in rightful custody of her separate property, it is believed that the judgment against him for rents paid during such time was error. The judgment of the court below therefore will be in all things affirmed except as to the judgment in favor of the plaintiff against the said James W. Durst for the rental value of the land during the term of the lease to him, which will be reversed and judgment here rendered that the plaintiff take nothing against said Durst as to said rent.

*Affirmed in part and reversed and rendered in part.*

### DISSENTING OPINION.

PLEASANTS, Associate Justice.—I can not agree with the majority of the court in holding that appellee Helen Dority under the facts of this case is entitled to a decree canceling the lease of her separate property executed by her husband, and restraining him from further control of or interference with said property, and shall as briefly

as I can state the reasons which impel me to dissent from the views expressed in the opinion of the majority of the court. I agree with my associates in holding that plaintiff's petition alleges a good cause of action and the general demurrer thereto was properly overruled, but I do not think that the allegation of the petition that the lease was made in fraud of plaintiff's rights is sustained by any evidence in the case. The trial court based his conclusion of fraud in the execution of the lease solely on the ground that it was made without the consent of the wife, and being a conveyance of her separate estate its execution by her husband was unauthorized and amounted to a legal fraud upon the rights of the wife. I am of opinion that article 635 of the Revised Statutes, which provides that the husband and wife shall join in the conveyance of real estate the separate property of the wife, and that no such conveyance shall take effect until the same shall have been duly acknowledged by the wife, does not apply to a lease by the husband of land belonging to the wife for a longer period than one year. Article 2967 of the statutes of this State vests in the husband during marriage the sole management and control of the wife's separate property, and it is not questioned that under this article the husband has authority to lease real estate belonging to the wife for a period of one year or less, but the contention is that the leasing of such property for a longer time than one year is under article 624 of the statute a conveyance of the same, and therefore article 635 becomes applicable. I do not think article 624 above mentioned should be construed as in any way limiting the right of the husband to control and manage the separate estate of the wife, and such was not the purpose or intent of the Legislature in enacting said article. The purpose of the article is perfectly apparent, and its only object is to require that certain kinds of conveyance shall be in writing and subscribed and delivered by the party making same or by his agent thereunto authorized in writing. It is as much a conveyance of an estate in land to lease it for six months as it is to lease it for fifteen years, and there is nothing in this statute which makes any distinction in this regard between leases of different durations, the only requirement being that if the conveyance is for a longer term than one year it shall be in writing and subscribed and delivered by the person disposing of the property. The lease in this case was in writing and was subscribed and delivered by the appellant Dority, who was the person disposing of the property under authority conferred upon him by the law. Article 635 is in my opinion only applicable to such instruments as convey the title to the wife's separate property, and its provisions are not intended to interfere with the management and control of the property by the husband, but only to prevent its alienation without the consent of the wife evidenced by her signature and privy acknowledgment of the instrument of conveyance. I do not think the opinion of the majority of the court is sound in holding that the lease in question is void because not executed by Mrs. Dority. This disposes of the question of "legal fraud" as found by the trial court, and I have

searched the record in vain for any evidence of actual fraud in the execution of the lease by the appellant. He was at the time the lease was made, and is now, the lawful husband of Mrs. Dority, and as such has authority to manage and control her property, and in the exercise of such authority could lease it for any reasonable term of years. The lessee would hold the property subject to the termination of the lease at any time by the dissolution of the marriage relation, and Mrs. Dority's title to the property could be in no way affected by her husband's lease. There is no evidence that the property was leased for less than its value or that any of the terms of the lease are unreasonable or will operate to the injury of the property, the only complaint in respect to the terms of said lease being as to its duration and that the rents are to be paid to the appellant instead of to Mrs. Dority. It may be that the proceeds arising from the lease of this property should be divided between Mrs. Dority and her husband, and that upon an application to the county court under article 2972 of the Revised Statutes such relief should be granted her; but conceding that he is wrongfully withholding from her a portion of the proceeds of the lease, such fact does not authorize this court to take from him his right to manage and control his wife's property as long as the legal relation of husband and wife exists between them.

It is not contended that the facts in this case are sufficient to entitle the appellee to a divorce, and this court has heretofore held that they are not. Dority v. Dority, 62 S. W. Rep., 106. All of the acts of appellant Dority complained of in this suit except the leasing of the property were committed prior to the suit for divorce. The failure to pay the taxes on the land for 1898 before the expiration of the time allowed by law occurred before the separation and before the land was leased by appellant, and his statement that these taxes were not paid by him because he had no money with which to pay the same is uncontradicted. The taxes of 1899 and 1900 were paid by the appellee out of the earnings of her dairy, but it is not shown that appellant had refused to pay them or that they would not have been paid by him had the appellee not paid them. Since the termination of the divorce proceedings the undisputed evidence shows that her husband has offered to live with her and to divide his earnings with her and that she refuses to accept his offer, declaring that she would not have a cent of his money. The undisputed evidence further shows that she is now occupying their homestead and using and enjoying all of the community property which they possess and that she will not permit her husband to live with her. If it be true as found by the trial court that there is no reasonable expectation that Mrs. Dority and her husband will ever resume their marital relations, it is only because of her willful and persistent refusal to live with him. While the wife may sue her husband when such action on her part becomes necessary to protect her separate property, I know of no decision which holds that a wife who has no sufficient grounds for divorce may refuse to longer recognize the obligations of her marriage

contract and by abandoning her husband secure the right to sue him and deprive him of the rights given him by law to control and manage her property. The opinion of the majority of the court announces this doctrine, and I am unwilling to aid in its establishment as a rule of decision in this State. While its adoption in this particular case may be in accord with exact justice as between the parties to this suit, the good order and happiness of society depends upon the sacredness and inviolability, except for just and adequate cause, of the marriage contract, and society has an interest in cases of this character which it is often the duty of the courts to protect even at the expense of the individuals who are parties to the suit. If suits of this character are permitted to succeed, one of the strong incentives to the wife to fulfill her marriage obligations will be removed, and whenever she becomes tired of her husband she can without any just cause abandon him and force him to surrender all of the property rights acquired by him by virtue of his marital relations. On the contrary, if she is made to know that she can not regain control of her property merely by her unjustifiable abandonment of her husband, she is much more likely to condone trivial offenses on his part and to faithfully perform her marriage obligations. I am of opinion that the only relief, if any, to which the plaintiff is shown to be entitled upon the facts, is to have such proportion of the proceeds of the lease of her land as may under all the circumstances be deemed necessary for her proper support and maintenance set aside to her, and since the jurisdiction for proceedings of that character is placed by the statute in the county court, the judgment of the court below should be reversed in its entirety and judgment here rendered in favor of all of the appellants.