## Mathilda Heintz v. F. A. Heintz.

### Decided June 12, 1909.

**1.—Married Woman—Capacity to Sue—Husband and Wife.**

In connection with her suit for divorce, the wife may maintain a suit against the husband for the recovery of monies belonging to her separate estate wrongfully converted by him, and also to have a resulting trust declared in her favor in land held by him in his own name, but paid for in whole or in part out of her separate funds. She can maintain such suits independent of a suit for divorce, and if brought in connection with her suit for divorce she is entitled to such relief, though the divorce be denied.

**2.—Same.**

Where there is a permanent separation of husband and wife, and neither contributes to the other's welfare, the wife may maintain a suit against the husband for her separate property, and the court can grant her power to manage and control the same.

**3.—Same—Separate Property—Resulting Trust.**

If the separate funds of the wife are used in the payment for land and title is in the husband, the equitable title to the extent of the amount so paid vests in her and she is entitled to have a resulting trust to that extent established therein in her.

**4.—Same—Conversion.**

The statute gives the husband the management of the separate estate of the wife, but this does not authorize him to convert it; and if he misappropriates or converts her separate funds, she may recover the amount so converted in an action against him. Revised Statutes, art. 2967; O'Brien v. Hilburn, 9 Texas, 298.

Appeal from the District Court of Dallas County. Tried below before Hon. E. B. Muse.

*N. G. Turney, J. H. Peebles* and *T. F. Lewis,* for appellant.

*Charles F. Clint,* for appellee.—The courts have held that in a proper case the wife may sue the husband for the fraudulent and improper control and management of her estate, and for the control and management of it, without divorce proceedings, or first procuring a divorce, but it has never been held that even that could be done in a divorce case where the divorce was denied.

However, admitting for argument's sake that a wife can join in her petition for a divorce an application properly plead and a prayer

for the management, custody and control of her separate property, or to fix a lien or trust upon his property, and without praying in the alternative compel action on such application, notwithstanding a divorce is denied, still appellant can not take advantage of any such view of the law, because she has neither pleaded or prayed for such relief. The case of Dority v. Dority, 96 Texas, 215, goes as far as our courts have ever gone and that was not a divorce case, but an independent action for custody and control of a wife's property under proper allegations and proof.

BOOKHOUT, ASSOCIATE JUSTICE.—This suit was instituted by Mathilda Heintz against her husband, F. A. Heintz, for divorce and the custody of their minor children; also to have a resulting trust adjudged in her favor in land held by him, paid for out of her separate funds, and for judgment for monies belonging to her separate estate alleged to have been wrongfully converted by him. The defendant answered by a general denial and specially plead the facts why a divorce should not be granted. A trial resulted in a verdict for defendant and judgment followed on the verdict. Appellant's motion for new trial being overruled she perfected an appeal.

*Opinion.*—Appellant does not in this court complain of the verdict and judgment denying her a divorce, but does complain of the court's failure to submit to the jury the issues relating to the separate property as raised by the pleadings.

The petition sought a recovery (1) for divorce and the custody of the minor children; (2) for judgment for monies belonging to the separate estate of the plaintiff and wrongfully and negligently converted by defendant; and to have a resulting trust declared in her favor in land held by him in his own name; for monies belonging to her separate estate used by him in the payment of said land. We think it clear that independent of her suit for divorce and the custody of her minor children, appellant can maintain a suit against her husband for the recovery of monies belonging to her separate estate wrongfully converted by him; also to have a resulting trust declared in her favor in land held by him in his own name, paid for in whole or in part out of her separate funds. O'Brien v. Hilburn, 9 Texas, 298; Price v. Cole, 35 Texas, 471; Hall v. Hall, 52 Texas, 298; Ryan v. Ryan, 61 Texas, 474. Besides, there is evidence in the record that there has been a permanent separation of the appellant and appellee; that while at the time of the trial they lived in the same house, they occupied separate rooms and that neither contributed to the other's welfare. In such case she could maintain the suit against him for her separate property, and the court would be authorized to grant her power to manage and control the same. Dority v. Dority, 96 Texas, 215. There is evidence that after her marriage to appellee she received from Germany, her former home, certain monies, her separate estate, which were used by him in improving a tract of land not owned by him, and which was lost in a suit against him, and that she inherited other monies, part of which were used by her husband in paying in part at least for the

Fletcher and Grimmitt tracts of land now held by him. Appellee denied that any of appellant's separate funds were used in the payment of this property. These issues were not submitted to the jury. The court submitted fifty-six special issues prepared by the appellant, to which were added three others prepared by the court; and at the request of defendant gave a general charge covering the entire case. We do not commend this practice, as it tends to confuse rather than enlighten the jury. Especially is this true in this case, as it appears there is a conflict between some of the charges requested by appellant and those requested by appellee, which the court gave. The court instructed the jury as follows: "If you find in favor of plaintiff against defendant on the question of divorce, answer all of special issues, otherwise not, if you should find for the defendant, then you will not pass on the property issues or the custody of the children." Thus it is seen the court in his charge withdrew from the jury the issue as to whether appellee had misappropriated and converted any of the separate funds of appellant or whether any part of her separate funds were used by him in the payment of the Fletcher and Grimmitt tracts of land. If the separate funds of appellant were used in the payment of these tracts of land, or either of them, the equitable title to the extent of the amount so paid vested in her and she was entitled to have a resulting trust to that extent established therein in her. Goddard v. Reagan, 8 Texas Civ. App., 272.

Again, if appellee misappropriated and converted the separate funds of appellant, she was entitled to judgment for the same. While it is true the statute gives the husband the management of the separate estate of the wife (Rev. Stats., art. 2967), this does not authorize him to convert the same. O'Brien v. Hilburn, supra; Commercial & A. Bank v. Jones, 18 Texas, 811; Coleman v. First Nat. Bank, 17 Texas Civ. App., 132.

In discussing this statute Judge Wheeler, in O'Brien v. Hilburn, above cited, uses the following language: "It does not include the power of absolute disposition over the property, nor does it authorize the husband to make any contract or do any act in relation to it inconsistent with the wife's right of property, or with her right concurrently with him, to the enjoyment of its use, present or prospective. When the husband assumes the power of absolute disposition, or any control inconsistent with the marital rights of the wife, he violates his duty and the trust reposed in him by the law, and is responsible for it."

The trial court erred in the withdrawal of these issues from the jury. The judgment denying the divorce is affirmed, but the judgment in reference to the separate property of the wife is reversed and the cause remanded.

*Affirmed in part and reversed and remanded in part.*