COSS et al. v. COSS.  (No. 6178.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 30, 1918. On Motion for Rehearing, Dec. 18, 1918.)

1. HUSBAND AND WIFE ⏁205(4)—SUIT FOR SEPARATE PROPERTY—RESIDENCE.

In suit to obtain divorce and recover separate property and community interest, objection that allegations failed to show that plaintiff wife had resided in county, and had been actual bona fide inhabitant of the state for 12 months, might be good as far as suit for divorce is concerned, but would have no pertinency so far as suit for her property is concerned.

2. COURTS ⏁12(2) — RIGHTS OF NONRESIDENTS TO MAINTAIN SUIT.

The comity existing between states and nations sanctioned the rule that an inhabitant of another state or another nation has free access to courts for the redress of wrongs or the prosecution of rights.

3. DIVORCE ⏁206 — VERIFICATION OF PETITION—SUFFICIENCY.

In suit by wife to obtain divorce and recover her separate property and community interest, verification to petition for injunction restraining defendants from disposing of property, *held* to sufficiently indicate the matter sworn to as true and those sworn to on belief.

4. HUSBAND AND WIFE ⏁272(1)—SUIT FOR INTEREST IN COMMUNITY—PLEADING.

That defendant husband without just cause abandoned plaintiff wife and infant child, taking with him not only the money belonging to the community estate but property belonging to the wife, authorized suit not only for separate property, but for interest in community estate.

5. HUSBAND AND WIFE ⏁272(1)—SUIT FOR WIFE'S INTEREST IN COMMUNITY.

When a husband is proven untrue to the trust confided to him by the laws of the state in the management of the community property, and is ruthlessly defrauding his lawful wife of her means of support and lavishing her property on the companion of his lust, the outraged wife should have the courts thrown open for her protection.

Appeal from District Court, Bexar County; J. T. Sluder, Judge.

Suit by Guadalupe Reyes Coss against Francisco Coss and others. From an order granting a temporary writ of injunction, defendants appeal. Remanded, with instructions.

Cobbs & Cobbs, of San Antonio, for appellants.

C. L. Bass, J. D. Martin, and A. J. Peeler, all of San Antonio, for appellee.

FLY, C. J. Appellee sought by this suit to obtain a divorce from her husband, Francisco Coss, and to recover from him and Guadalupe Ramos, it being alleged that he was living in adultery with the latter, certain diamond rings of the value of $4,000, her separate property, and her community interest in $50,000 cash, a large part of which, she alleged, was on deposit, in the name of appellants, in the Frost National Bank, the State National Bank, and Lacaud & Sons, in San Antonio, Tex. It was alleged that a portion of the money had been invested in a dairy business, near Kelly Field, Bexar county, Tex. It was alleged that appellee was married to Francisco Coss in the early part of the year 1916, and that they lived together as man and wife until August 27, 1918, when her husband abandoned her, and has since that time lived in adultery with Guadalupe Ramos. It was alleged that appellee had no property of any kind in her possession "for the support of herself and her boy child, who is one year and three months old, and is the son of the defendant Coss, and that the property sued for would be lost, removed and materially injured." A divorce and division of the community estate was prayed for and that a temporary injunction be issued restraining appellants from disposing of the property, from collecting the debts, and from paying debts, and also to restrain the banks named from paying any money or delivering any property to Francisco Coss or Guadalupe Ramos. The temporary writs of injunction were issued, and from the order granting them this appeal has been perfected.

[1, 2] The first and second assignments of error claim error because the allegations fail to show that appellee had resided in Bexar county for six months, and had been an actual bona fide inhabitant of Texas for twelve months next preceding the filing of the suit. So far as the suit for divorce is concerned, those objections might be good, but would have no pertinency or importance so far as the suit of appellee for her property is concerned. If qualified in other respects to maintain a suit against her husband for her separate estate or her interest in the community estate, it would not matter whether appellee had lived in Texas at all before she instituted her suit. She found her husband with the property in Bexar county, and if she could maintain the suit at all, she could maintain it without reference to residence or citizenship. The comity existing between states and nations sanctions the rule that an inhabitant of another state or another nation has free access to the courts for the redress of wrongs or the prosecution of rights. This disposes of all points sought to be advanced in the first and second assignments, and they are overruled.

[3] The petition for injunction is verified as follows:

"I solemnly swear that I am the plaintiff in the above styled cause, and that the matters set

forth in the foregoing petition are true, except where the nature of the facts is such that it appears from the petition that I acquired the knowledge of same from information, and as to such facts I solemnly swear that I have acquired such information from credible persons, and that I believe the same to be true."

The affidavit sufficiently indicates the matters sworn to as true and those sworn to on belief. The essential facts were stated to be true.

[4] The authority of the wife to institute suit for her interest in the community estate, which is being jeopardized by the fraudulent and unlawful acts of the husband, is not questioned by appellants, but we deem it proper to state that the facts alleged are such as, not only to authorize a suit for the separate property of the wife, but for the interest in the community estate. The allegations of the petition show that the husband without any just cause abandoned his wife and infant child, taking with him, not only the money belonging to the community estate, but valuable stones and jewels belonging to the wife in her separate right. Not satisfied with depriving her of every vestige of property with which she could maintain and support herself and infant, he deliberately entered into a state of adultery with his co-respondent, and is spending the money which should legally be expended on his wife and child on the woman, with whom he informed the wife he "would continue to live in adultery." Appellee had cogent reasons for alleging that all the property "is in danger of being lost, removed and materially injured by defendant Coss."

[5] It would be intolerable and a blot upon the civilization of our age to entertain the proposition that a married woman under such circumstances would be incapacitated from prosecuting a suit against her husband to protect her property from being squandered on the mistress of such husband. Such mediæval doctrine finds no place in a system of jurisprudence which is endeavoring to keep step with the enlightened conscience of civilization and the benign conception of the rights of women that are entering the hearts and permeating the thought of progressive people throughout the world. Justice demands that when a husband has proven untrue to the trust confided in him by the laws of the state in the management of the community property, and is ruthlessly defrauding the lawful wife of her means of support and lavishing her property on the companion of his lust, the outraged wife should have the courts thrown open for her protection. Whatever may have been the common law of decisions of the past, Texas will not deny the right of protection to a married woman, under the facts alleged, both as to her separate estate and her interest in the community

property of herself and husband. The statute gives the husband the control of the community estate, but he cannot be sustained when such control is exercised in fraud of the rights of wife. Speer, Law of Marital Rights, §§ 430–433; Dority v. Dority, 30 Tex. Civ. App. 216, 70 S. W. 338; Id., 96 Tex. 215, 71 S. W. 950, 60 L. R. A. 941; Heintz v. Heintz, 56 Tex. Civ. App. 403, 120 S. W. 941; Davis v. Davis, 186 S. W. 775. If the matters alleged in the petition are true, and they have not been denied and must be taken as true until disproved, a flagrant case of utter disregard of the rights of the wife has been shown, and the courts will be open to redress the wrong, and the benefit of injunction or other writs will be extended to her when demanded. Ryan v. Ryan, 61 Tex. 473.

No exception as to married women, in regard to bonds being essential in injunction cases, is made, and while such requirement would in many cases prevent redress by the wife whose property is being dissipated by an unfaithful husband, still it is so written, and the change which doubtless should be made in the law is a matter for the Legislature rather than the judicial branch of the state government. In some cases it has been held that the failure to require a bond renders the injunction proceeding null and void, but in the case of El Campo Light Co. v. Water Co., 132 S. W. 868, it was held that a reversal of an order granting an injunction did not necessarily follow from a failure on the part of the trial judge to require a bond, and the court fixed a bond and remanded the cause, holding the injunction in effect until the bond was filed. If there ever was a case in which such power should be exercised by an appellate court, the facts in this case present it, and the judgment granting the temporary writ of injunction will not be reversed, but the injunction is continued in force, and the cause will be remanded to the district court, with instructions to require such bond from appellee as equity and a sound discretion would suggest under the facts of the case. Article 4654, Revised Statutes, does not require a bond in any certain sum, but leaves the matter so that no applicant for a writ of injunction need be deprived of a right by an onerous bond.

Remanded, with instructions.

### On Motion for Rehearing.

The motion for rehearing is overruled, but our former order will be set aside, and the judgment of the trial court will be reversed, and the cause remanded, with instructions to the lower court to issue the temporary injunction prayed for, upon the filing by appellee of a bond in such sum as may be required by the district judge.