**DAVIS v. DAVIS.**

No. 13572.

Court of Civil Appeals of Texas. Fort Worth.

July 9, 1937.

T. B. Coffield, of Bowie, for appellant.

Donald, Kearby & Donald, of Bowie, for appellee.

BROWN, Justice.

Appellee, Mrs. Maura Lee Davis, brought suit in the district court of Montague county against R. S. Davis, her husband, for a divorce, alleging, as the grounds for a dissolution of the marriage contract, "cruel and harsh treatment and improper conduct on the part of defendant towards plaintiff," which compelled her to permanently abandon him; and further alleged that the defendant "diligently pursued a course of unkind, harsh, cruel, and tyrannical treatment towards plaintiff, which has continued for many years; that said defendant has never supported her as a husband should, nor even contributed to her support; but this plaintiff has supported herself, and the defendant as well, for many years; that defendant's actions and conduct toward plaintiff have been and are of such a nature as to render their further living together as husband and wife insupportable."

She alleged that a certain 80-acre tract of land, which she properly described, is community property of the parties, but that the defendant's one-half community interest is subject to the charges sought to be established in her petition.

She further described the homestead property in the city of Bowie, Tex., and alleged that, out of $1,500 cash consideration paid for such property, the sum of $500 was paid out of her separate estate, and the remaining $1,000 was paid out of community funds.

She further alleged: "Plaintiff would further show to the court that for the past fifteen (15) years or more, the plaintiff has worked in various stores in Bowie, Texas, and at other places, and by reason thereof was paid a salary; that such earnings of the plaintiff made as aforesaid by her personal services were by her with the knowledge and consent of the defendant, R. S. Davis, from time to time deposited in various banks to the sole and separate account and name of this plaintiff; that against said account, defendant had, and was given, no right to check; but this plaintiff alone had and retained the right to check against the same; that the defendant at no time drew any checks against any such accounts, nor offered to do so, nor ever claimed any right to do so; but the defendant at all times, and from time to time, as such monies were severally deposited, recognized that the same was the sole and separate estate of this plaintiff; and by reason thereof said monies so deposited from time to time became, and were, the separate property and estate of this plaintiff."

She further alleged that out of her separate estate, from time to time, she purchased household goods and placed same in the homestead residence, describing the articles so alleged to have been purchased, and asserts that such household goods are a part of her separate estate; she further alleged that appellant wrongfully sold and converted to his own use and benefit certain articles of household furniture and fixtures, all of which she asserts were a part of her separate estate.

She further alleged that she, "from time to time, advanced to the defendant several sums of money," and itemized these advancements, which began in the year 1927 and ended in the year 1931, aggregating $885, and asserts that same were advanced out of her separate estate, and that the appellant, from time to time, as such moneys were advanced, promised that he would deed the 80-acre tract of land to her as security for the advancements, but that he refused to execute the deed.

She further alleged that she paid certain debts owing by appellant out of her separate estate; and she further alleged that, since the purchase of the homestead property, she had expended on the same, out of her separate funds and estate, certain sums of money, aggregating $767.50, and that all of the sums of money set forth in her petition that were expended by her for the purposes theretofore alleged should be charged against appellant's community interest; and that she has an equitable lien which she is entitled to foreclose against the community interest;

and she prayed for a partition of the estate and for an adjustment of the equities between the parties.

Appellant answered by a general demurrer and specifically denied appellee's allegations with reference to advancements out of any separate estate belonging to appellee.

The cause being tried to a jury, eleven special issues were submitted by the court, the substance of same and the findings thereon being as follows: (1) That appellee "has been guilty of cruel treatment, excesses or outrages towards the plaintiff of such a nature as to render their further living together insupportable"; (2) that, from the time appellee and appellant moved to Bowie, in about 1921, and until this suit was filed, it was understood and agreed between them that appellee's earnings had been her seperate property; (3) that, on or about the respective dates set out in the issue, appellee loaned to appellant money received from her personal earnings, these items being found by the jury to aggregate $685; (4) that certain furniture listed in the issue was purchased by appellee and paid for by her with money earned by her after the parties moved to Bowie; (5) that appellant sold, without the consent of appellee, certain items listed in the issue; (6) inquiry as follows: "What do you find from a preponderance of the evidence is the reasonable market value of each of the following items?" to which the jury returned an answer as to each such item in dollars and cents; (7) that appellee borrowed $500 from the bank and used same in part payment of the homestead; (8) that appellee repaid the bank such sum out of money received as her personal earnings; (9) that out of her personal earnings appellee made certain improvements; (10) to this the jury found that appellee "reasonably and necessarily expended from her personal earnings" $517.50, in making such improvements inquired about in issue No. 9; (11) that appellant consented to the expenditures made by appellee.

Appellant timely presented his objections to the court's charge, objecting to issue No. 1 because it is too general, indefinite, and confusing, and presenting a question of law, and because there is no pleading to support such issue, and because there is no proof raising such issue. The objection to issue No. 2 is that there is no pleading to support the submission of the issue, and that the acts and circumstances pleaded are insufficient to justify the submission of the issue, and because the evidence does not support the submission of such issue. The objection to issue No. 3 is that it is immaterial and irrelevant and is a comment upon the weight of the evidence, in that it suggested to the jury what their answers should be, because the dates and amounts are set out according to appellee's version and theory of the suit, and further because there is no testimony to support it, in that the issue inquires whether or not these several items were loaned to the appellant by appellee, and because there are no pleadings that such sums were loaned but merely that same were advanced to appellant; the objection to issue No. 4 is that no dates are given for the several purchases, and that such issue is a comment upon the weight of the evidence because it assumes that some property was purchased and paid for by appellee from her separate earnings. The objection to issue No. 5 is that it is not supported by the pleadings, and that same is a comment upon the weight of the evidence, in that each item of property, just as it was alleged by appellee to have been sold by appellant, is listed; and that, if the issue should be submitted, same should not be suggestive, but inquiry should be made of the jury relative to what items of property were sold by appellant. The objection to issue No. 6 is that there is no testimony to support its submission, that no witness qualified to testify to the market value of the items of property, and further that the market value of such listed items is not limited in the charge to any time or place; the objection to issue No. 8 is that it is immaterial and irrelevant, in that whatever amount of money was advanced by appellee out of her personal earnings, or out of her separate estate, in part payment of the homestead, would not be chargeable as against the defendant's interest in the homestead, and further that the issue is vague and indefinite, in that no dates were submitted to the jury whereby the jury could find when the sum borrowed by appellee was repaid to the bank or that the money used to repay the bank was out of her separate estate; the objection to issue No. 9 is that same is immaterial and irrelevant, in that there is no contention made that the moneys furnished by appellee for the improvements alleged were furnished at the request of appellant or furnished under such circumstances as would in law obligate him or the community property to reimburse appel-

lee for expending such money; the same objection was urged against issues Nos. 7 and 8; the objection to issue No. 10 is that it is duplicitous and submits more than one issue, that same is not supported by the pleadings or the testimony; the objection to issue No. 11 is that there is no pleading to support the same and that the evidence does not raise the issue.

The trial court overruled all objections made to the charge.

On this verdict the trial court rendered the following judgment: Dissolving the bonds of matrimony existing between the parties, awarding recovery by appellee of certain furniture situated in the homestead, awarding judgment for appellee against appellant in the sum of $1,874.50 (being the several sums of money set up in appellee's petition representing the sum she claims to have expended on the homestead property in its purchase, the value of the personal property she claims appellant sold and converted to his own use, the amount of money which she claims to have spent on the homestead in improving it, the amount of money which she claims to have loaned to appellant, and the amount of money which she claims she spent paying off appellant's debts); and in the judgment the court said: "That being the amount adjudged by this court to be due by the community estate to this plaintiff, together with all costs of court, which sums are here and now adjudged a charge against the community estate as hereinafter described, and shall be paid out of the proceeds of the sale of said community property, as hereinafter provided, but if same be insufficient to pay the whole thereof, then execution may issue for any balance remaining due."

The court then ordered all of the property sold and decreed that out of the proceeds of the sale the recovery awarded appellee against appellant be first paid and the balance equally divided between the parties.

Appellant having filed a motion for new trial, the same was overruled and the case is properly before us for consideration, and seven assignments of error are presented.

The first assignment of error asserts that the trial court erred in overruling appellant's general demurrer leveled at appellee's petition. The petition made no charge of any specific act of cruel and inhuman treatment, or of any excesses.

In Wright v. Wright, 3 Tex. 168-189, a petition merely alleging the statutory grounds, as were alleged in the petition before us, was expressly condemned by Chief Justice Hemphill. The Dallas Court of Civil Appeals in Swartz v. Swartz, 76 S.W.(2d) 1071, condemned a similar petition and expressly quoted from the Wright Case.

In the case of McCullough v. McCullough, 120 Tex. 209, 36 S.W.(2d) 459, 462, Mr. Justice Critz, speaking for the Commission of Appeals in a divorce case which had been certified, held that the petition which did attempt to set forth certain definite acts of cruel and inhuman treatment was sufficient as against a general demurrer, but went further and said: "In this connection we hold that a divorce granted by a court of competent jurisdiction on a petition which merely alleges the defendant has been guilty of such excesses, cruel treatment, and outrages against the plaintiff of such a nature as to render their further living together insupportable, is good against a general demurrer. Of course such an allegation, in a way, is the pleading of a conclusion when tested by proper special exception, but, when tested by a general exception, it is a sufficient allegation of a fact, to authorize the district court to hear the evidence, and on which a valid decree of divorce may be awarded."

The Texarkana Court of Civil Appeals in Yaw v. Yaw, 81 S.W.(2d) 266, 268, condemned a petition which disclosed that there was a failure to allege any act of misconduct on the part of the defendant, and this Court of Civil Appeals, in discussing a petition for divorce devoid of any allegation excepting such general allegations as are found in the petition before us, said: "While we do not subscribe to the view of the law as announced by the commission on this particular point, [being its sufficiency as against a general demurrer] and believe such holding to be in direct conflict with the holding of the Supreme Court in the case of Wright v. Wright, 3 Tex. 168, opinion by Chief Justice Hemphill delivered in 1848, yet we think defendant in error's petition wholly fails to come within the rule as announced by the Commission of Appeals, above quoted, in that the petition does not follow the language of the statute which is required by the holding of the commission."

It is true that an inspection of the opinion in the case of McCullough v. McCullough,

supra, discloses that it was not necessary for Mr. Justice Critz to go further in the opinion and use the broad language which we have quoted above, but we take it that the fact that the Supreme Court has no jurisdiction in divorce cases moved the Commission and the Supreme Court to lay down the rule that is expressly laid down in the language quoted, and this opinion, while it does not expressly overrule all decisions to the contrary, impliedly overruled same, and we feel compelled to follow this decision. Therefore, the first assignment of error is by us overruled.

The second assignment of error asserts that the evidence is insufficient to support the judgment awarding appellee a decree of divorcement. There is some evidence to support the jury's verdict, and, while we do not consider that appellee made out a strong case by her own testimony, nevertheless we are reluctant to disturb the verdict, and this assignment of error is overruled.

The third assignment of error asserts that the trial court erred in rendering judgment that appellee's personal earnings became her separate estate, for the reason that there was no valid agreement or contract between the parties changing the status of her earnings from community property to her separate estate. We believe this assignment of error is well taken.

Here, the appellee seeks to show that her personal earnings became her separate estate. We have quoted her pleadings, by which she seeks to raise this issue, and we doubt the sufficiency of this pleading to raise the issue of the change of the status of personal earnings of the wife from that of community property to the separate estate of the wife. We have read the entire statement of facts, and we do not believe that the testimony and evidence is sufficient to support the verdict of the jury or the judgment of the court decreeing the wife's personal earnings to be her separate estate. As we view the testimony introduced on this issue, it goes no further than to show that appellant either openly agreed to, or simply acquiesced in, the right of his wife to deposit her personal earnings in the bank and to have exclusive control over same. As was said by the Commission of Appeals in Brokaw v. Collett, 1 S.W.(2d) 1090, 1091: "A husband and wife do not have the power to change, by mere agreement, made in advance, the status of community property yet to be acquired, and yet to come into existence, to that of the wife's separate property," citing article 16, § 15, Constitution of Texas; Arnold v. Leonard, 114 Tex. 535, 273 S.W. 799; Kellett v. Trice, 95 Tex. 160, 66 S.W. 51; Armstrong v. Turbeville (Tex.Civ.App.) 216 S.W. 1101; McDonald v. Stevenson (Tex.Civ.App.) 245 S.W. 777; Cox v. Miller, 54 Tex. 16; Green v. Ferguson, 62 Tex. 525, 529; Speer's Law of Marital Rights, § 297; 31 C.J. 73. Further in this opinion it is said: "It does not lie in the power of the husband and wife by contract between themselves, made in advance, to set aside the Constitution of this state, as applied to the wife's separate property rights."

We are of opinion that in order for the personal earnings of the wife, which were earned month by month according to the testimony in this case, to be changed from that of the community estate to her separate estate, it would be necessary for the husband each month, as the salary was earned, to make a gift of the same to his wife. The third assignment of error is sustained.

It follows that the fourth assignment of error, which complains of the submission of special issue No. 2 to the jury, over the objection of appellant, should be sustained.

The fifth assignment of error complains of the submission of special issue No. 6 to the jury, over the objection of appellant. This issue requested the jury to find the reasonable market value of a large number of items of personal property, all of which appellee alleged that appellant sold and converted the proceeds therefrom to his own use and benefit. The issue neither fixes the time nor the place of such conversion, and this objection to the charge is well taken. This assignment of error is sustained. Neyland v. Brammer (Tex.Civ.App.) 73 S.W.(2d) 884; Town of West University Place v. Anderson (Tex.Civ.App.) 60 S.W.(2d) 528; Tucker v. Hamlin, 60 Tex. 171. Furthermore, we wish to say that the objection to the submission of the issue, on the ground that no qualified witness testified to the market value of these items of personal property, was well taken, although such objection is not brought forward by appellant in the brief, but, inasmuch as the case is remanded, we make these observations for the guidance of the trial

court. If it should be determined that there was no market value in Bowie, Tex., at the time the personal property was converted by the appellant, then, under appropriate pleadings, another measure of damages may be alleged and proved.

■ The sixth assignment of error asserts that the trial court erred in overruling appellant's objection to special issue No. 11, which requested the jury to find whether or not appellant consented to the expenditure by appellee of her personal earnings improving the community homestead. We do not believe this assignment of error is well taken, as we are of opinion that, if the improvements are made by one spouse on the homestead property in good faith, the consent of the other spouse is not necessary in order that a reimbursement may be had under proper pleadings, and in a case where a dissolution of the marriage contract is sought and procured. Burns v. Parker et al. (Tex. Civ.App.) 137 S.W. 705.

■ The seventh and last assignment of error complains of the trial court subjecting appellant's undivided interest in the homestead community estate to the personal judgment obtained by appellee against appellant on the several counts found in her petition. The theory of appellant, to the effect that the homestead character of the property continues after the dissolution of the marriage contract, where no child or children are born to the union, and that the judgment rendered by the court is tantamount to divesting the appellant of his title to the homestead property, is well taken, in this case, and so far as the wife seeks to subject the husband's undivided interest in the homestead to the payment of any judgment she may obtain against him for either moneys loaned or for conversion of the separate estate.

But we are of opinion that the judgment of the trial court discloses fundamental error. Here, the trial court has, on the verdict of the jury, found that all of the sums of money loaned by the wife to the husband, and all of the sums of money representing items of personal property sold and converted by the husband, which were in fact the separate estate of the wife, and all of the sums of money spent by the wife in improving the homestead, and all of the money supposed to represent the separate estate of the wife which went into the purchase of the homestead, should be returned to the wife out of the proceeds of the sale of the community property without any loss whatever to her, and that only the remaining balance, if any, be divided between the spouses. This is not the law and is manifestly unjust and unfair.

In the case of Dakan et al. v. Dakan (Tex.Civ.App.) 52 S.W.(2d) 1070, 1074, in discussing the principle here involved, it was said: "Therefore, out of the proceeds of the property ordered sold to effect a partition between them, adjustment of the charges in favor of plaintiff could only be made to the extent that the improvements enhanced in value, not the whole property improved but the interest therein of said two defendants only. In a case where reimbursement can be made, the amount is limited to the amount of enhancement of the value of the property by reason of the improvements." See opinion by Supreme Court, 125 Tex. 305, 83 S.W.(2d) 620, affirming judgment.

In the case of O'Neil v. O'Neil (Tex. Civ.App.) 77 S.W.(2d) 554, 556, it is said: "And, lastly, regardless of the amount of the advancement which is traced into the improvements of the *specific* property, the amount to be allowed upon partition is still further limited to the amount of enhancement in value of the improved property, due to the advances, *which still exists at the time of the partition*." (Italics ours.)

No other rule would be equitable and just. Otherwise appellant's interest could and would be, in this case, entirely wiped out, regardless of the present condition of the property and its reduced market value, if such be established.

■ Furthermore, appellee is not entitled to have paid to her out of the proceeds of the sale of the homestead the entire sum paid on the purchase price, out of her separate funds (if they be established as such), as a matter of absolute right. She would be entitled to recover from the proceeds only such proportionate part as the funds advanced by her bear to the entire purchase price.

This recovery may, upon a sale, be either more, or less, than the original sum, depending entirely upon the price the property brings; and in this particular case still further adjustment may be required to be made, if it be established that appellee, with her separate funds, improved the property.

In short, should the jury find that the property at the time of the trial has a certain market value, and that the improvements made by appellee have enhanced the market value of the property a definite sum, which enhancement exists at the very time of the trial, the ascertained present enhanced value would of necessity be deducted from the proceeds of the sale, and appellee would then be entitled to only her proportionate part of the remainder; that is, to whatever fraction of such remainder her original investment bears to the original purchase price. Moor v. Moor, 24 Tex.Civ.App. 150, 255 S.W. 231; Cleveland v. Cole, 65 Tex. 402.

 In view of another trial, we shall take the liberty of commenting upon the forms of several of the special issues which were presented to the jury. We do this because pertinent objections were made at the trial, though not brought forward in the brief, and we may assume that these objections will be renewed and that they may be briefed on another hearing. If our suggestions prove to be helpful on another trial, they are not amiss.

Instead of issue No. 3 being submitted in the itemized, suggestive manner, as was done at this trial, we believe that two issues are necessary to establish the facts for a recovery: (1) Did appellee lend appellant any money? (2) What sum was loaned?

The issue as submitted is multifarious, suggestive, and on the weight of the evidence.

The same criticism is properly addressed to issues Nos. 4, 5, 6, 9, and 10.

 So far as the issue of recovery of a money judgment by the wife is concerned, we fully appreciate the fact that the reason for reimbursement arises out of an adjustment of the rights and equities as between the parties and their estates, and we are able to readily understand how, upon a conversion by one spouse of a portion of the other's community interest, an equitable lien may be decreed as against such spouse's interest in the community estate, or in his separate estate (Heintz v. Heintz, 56 Tex.Civ.App. 403, 120 S.W. 941, and cases cited), but we do not believe that, in such a case as is here attempted to be presented, whatever sum is recovered by the wife against the husband, on the theory of money loaned, or

because of his having converted, to his own use, her separate estate, can, either by decree of court or through the offices of an execution, be made out of the husband's interest in the homestead.

No other creditor can enjoy any such right or privilege, and we are of opinion that the wife stands in no better position than any other creditor, as to such recoveries.

No other creditor could have intervened in this suit, nor could such creditor, through any court proceeding, subject the portion of the proceeds of the sale of the homestead property, which belong to the appellant, to the payment of any community debt, or other debt made by the husband.

 The family relationship is being dissolved in this suit, and does not suffer dissolution until the final decree has been made, and we are unable to find any lawful, or equitable, reason for subjecting the husband's portion of the proceeds of the sale of the homestead to the payment of any judgment that may be obtained against the husband by the wife, for moneys loaned or on the theory of conversion.

What we have said, we do not believe to be in conflict with anything that has been said in Tanton v. State Nat. Bank, 125 Tex. 16, 79 S.W.(2d) 833, 93 A.L.R. 1093, affirming (Tex.Civ.App.) 43 S.W.(2d) 957, or in Bahn v. Starcke, 89 Tex. 203, 34 S.W. 103, 59 Am.St.Rep. 40.

In this case, no creditor is seeking to subject what was, before the divorce decree was had, the homestead of the parties, to the payment of debts, on the theory that, there being no children, or family to support, and the property being yet in existence, it has lost its homestead status and may be compelled to discharge such debts.

Therefore, if appellee recovers against appellant, on another trial, for money loaned, or on the count for conversion of her separate property, payment may be decreed only out of the community estate that is no part of the homestead (there being no separate estate of the husband here).

For the reasons given, the judgment awarding the decree of divorcement is affirmed, and the judgment as it relates to a recovery of any and all sums against appellant, and a partition of the estate,

and decreeing the manner in which the property shall be sold and the payment of the proceeds of the sale to the appellant and appellee, is reversed and the cause remanded for a trial on such issues.

Affirmed in part; reversed and remanded in part.