## YAW v. YAW.

### No. 4685.

Court of Civil Appeals of Texas. Texarkana.

Feb. 21, 1935.

M. M. O'Banion and Cary M. Abney, both of Marshall, for plaintiff in error.

C. E. Florence and W. W. Sanders, both of Gilmer, for defendant in error.

SELLERS, Justice.

The defendant in error in his petition as grounds for divorce alleged:

"For cause of action, plaintiff shows to the court that he and the defendant were legally and lawfully married on August 8, 1929, and that the date of their last and final separation was March 7, 1933, when by reason of the acts and conduct on the part of the defendant, hereinafter set out, their further living together as man and wife was rendered insupportable.

"Plaintiff shows to the court that although they have been married practically four years they have been separated four or five times, and that they have not lived together as man and wife during said four years more than nineteen months; that the defendant has been led and dictated to by her father, W. C. Rourk, as well as by her brother; that the said W. C. Rourk, father of defendant, has often refused to permit defendant to go with this plaintiff to his said home, and that the said defendant would abide by the demands or wishes of her said father; that upon one occasion this plaintiff went to the State of Kansas, and after several weeks or months, not being able to hear from his wife, returned to her father's home, and after staying in her father's home with his said wife two days and nights advised her said father that he and his wife were going to the State of Kansas. Whereupon the said W. C. Rourk flew into a rage, forbade his daughter, the wife of plaintiff, going to the State of Kansas, got his gun and ran plaintiff off by shooting at him; that the said W. C. Rourk and the brother of defendant have continuously interfered with plaintiff's and defendant's home, and have exercised dominion over defendant; that because of her fear of her said father and brother, or lack of love and appreciation for this plaintiff, she has, through the years past, seen fit to abide by the demands and dictates of her father and brother; that the defendant has, on different occasions, come to plaintiff, avowing that she would not again permit her people to come between them, that she was through with her people, that she was going to stay with plaintiff regardless of what her people said or thought, and that she was going to stay with him as wife should stay with her husband; that within a few days, or a week or a month or so she would receive a letter from her father, and after receiving same would abandon this plaintiff, slip off from him without telling him of the fact that she was leaving; that her father on one occasion sent defendant to the State of Miss. trying to separate plaintiff from defendant, and said defendant went to the State of Miss. without letting this plaintiff know where she was, that this plaintiff has tried through the years to live with defendant, and has tried her on various occasions and on various promises and pledges upon her part not to again forsake or abandon him, and yield to the dictates of her people; that she came back to him in February, 1933, upon a promise that she would not again forsake him and return to her people, but this promise upon her part proved to be as all other promises upon her part proved to be as all other promises she had made, and that she again forsook this plaintiff and returned to the home of her father; that their married life, with the many broken promises that defendant has made, has proved very unsatisfactory."

The plaintiff in error filed an answer to defendant in error's suit in which she interposed a general demurrer, a number of special exceptions, and further specially answered that she was not guilty of the acts and misconduct alleged by defendant in error; and by way of cross-action she sought a divorce from defendant in error upon the alleged ground of cruel treatment.

Defendant in error's suit was brought to the June term, 1933, of the district court of Upshur county, and plaintiff in error's answer and cross-action was filed on June 9, 1933. At the September term, 1933, of said court, the following judgment was entered: "On this, the 7th day of October, 1933, this cause coming on to be heard, the plaintiff appeared in person and by attorney, and the defendant, though having been duly cited as required by law, failed to appear and answer in this behalf, but wholly made default; whereupon, a jury being waived, plaintiff announced ready for trial, and the court having heard the pleadings, evidence and argument of counsel. is of the opinion that the material allegations in plaintiff's petition are true. It is therefore ordered, adjudged and decreed by the court that the bonds of matrimony heretofore existing between said plaintiff and defendant be and the same are hereby annulled and dissolved, and that the said plaintiff be and he is hereby divorced from the said defendant."

The cause is before this court by writ of error for review.

The contention is made by plaintiff in error that the record discloses fundamental error in that defendant in error's petition is insufficient to support a decree of divorce in favor

of defendant in error upon either of the grounds provided for by the provisions of article 4629, R. S. 1925. The defendant in error contends the petition is sufficient under this provision of the above-stated article, quoting: "Where either party is guilty of excesses, cruel treatment or outrages toward the other, if such ill-treatment is of such a nature as to render their living together insupportable."

A reading of the petition will disclose that defendant in error has failed to allege a single act of misconduct on the part of plaintiff in error toward him which could in the remotest sense, in our opinion, be classed as such cruelty as to render their living together as husband and wife insupportable. The acts and conduct on the part of the father-in-law toward the defendant in error, not participated in by plaintiff in error, cannot support the judgment for divorce, since the acts of cruelty by force of the statute must be by the plaintiff in error and no one else.

Defendant in error makes the further contention that his petition is good when measured by the rule recently laid down by the Commission of Appeals in the case of McCullough v. McCullough, 120 Tex. 209, 36 S.W.(2d) 459, 462, wherein the court says: "In this connection we hold that a divorce granted by a court of competent jurisdiction on a petition which merely alleges the defendant has been guilty of such excesses, cruel treatment, and outrages against the plaintiff of such a nature as to render their further living together insupportable, is good against a general demurrer. Of course such an allegation, in a way, is the pleading of a conclusion when tested by proper special exception, but, when tested by a general exception, it is a sufficient allegation of a fact, to authorize the district court to hear the evidence, and on which a valid decree of divorce may be awarded."

While we do not subscribe to the view of the law as announced by the commission on this particular point, and believe such holding to be in direct conflict with the holding of the Supreme Court in the case of Wright v. Wright, 3 Tex. 168, opinion by Chief Justice Hemphill delivered in 1848, yet we think defendant in error's petition wholly fails to come within the rule as announced by the Commission of Appeals, above quoted, in that the petition does not follow the language of the statute which is required by the holding of the commission. In other words, defendant in error in his petition has failed to allege a cause of action for divorce on the ground of cruel treatment in the language of the statute, nor has he set out any specific act of misconduct which will constitute a cause of action for a divorce on said ground, and therefore in either view the petition is deemed insufficient, as a matter of law, to support the judgment for divorce granted defendant in error.

The judgment of the district court will therefore be reversed, and the cause remanded.