## RENFRO v. RENFRO.
### No. 2557.

Court of Civil Appeals of Texas. Beaumont.
March 15, 1935.

Rehearing Denied March 27, 1935.

Collins & Fairchild, of Lufkin, for appellant.

Fairchild & Redditt, of Lufkin, for appellee.

COMBS, Justice.

This is a suit for divorce and for partition of property, brought by appellant against appellee, in the district court of Angelina county, Tex. The plaintiff, appellant here, alleged in general terms cruel treatment as a ground of divorce, and further alleged that she and defendant owned in community certain property which she was unable to list, and prayed that the defendant be required to return into court an inventory of the community estate. The defendant answered by general demurrer and general denial and filed an inventory and appraisement of property claimed by him to be community property of the plaintiff and himself. Among the property so asserted by him to be community, he listed a certain promissory vendor's lien note of the Southern Pine Lumber Company, payable to John F. Renfro and Arkansas Renfro, in the face amount of $11,000, upon which there remained unpaid approximately $6,000. He also listed a promissory note of John F. Renfro, Jr., payable to Arkansas Renfro for $2,000 and a promissory note executed by Bessie Renfro to Arkansas Renfro in the face amount of $1,000. By supplemental petition, the plaintiff alleged that all of the notes above mentioned were her separate property. It was alleged, and appears without dispute, that the $2,000 note and $1,000 note evidenced loans made by plaintiff out of money she had collected on the $11,000 note of the Southern Pine Lumber Company. As to the lumber company note, she alleged that the defendant had, for a valuable consideration, transferred said note to her, along with the vendor's lien securing it, by an instrument in writing, and that said note was her separate property, and that the defendant had no interest whatsoever therein.

The trial was to a jury upon special issues. With respect to the property issue presented by this appeal, the jury found that the note of Southern Pine Lumber Company, transferred by the defendant to the plaintiff, was not transferred with the intention of making said note the separate property and estate of the plaintiff. Upon the findings of the jury, the court entered judgment decreeing the divorce, classifying the three notes above mentioned as community property, and appointing commissioners to partition the community estate of plaintiff and defendant. The plaintiff being dissatisfied with the findings of the jury and the decree of the court denying her claim that the notes above mentioned were her separate property, has appealed from the judgment.

█ It appears without controversy that the $11,000 note involved was given to appellant and appellee as part payment for community lands and became a part of the community estate. A few days after the note was executed, the defendant executed a written transfer whereby he transferred said note, for a recited consideration of $1, to the plaintiff, Mrs. Arkansas Renfro, together with the vendor's lien securing the note, and authorizing her in the usual form to release the lien upon payment of the note. The transfer did not recite the payment of any consideration out of the separate funds of appellant or that the transfer was made for her separate use and benefit.

The jury's finding that the transfer was made under a parol agreement between plaintiff and defendant that the note should be held for the community estate has ample support in the record. Appellant insists that the admission of parol proof showing such intent of the parties is in violation of the parol evidence rule in that it seeks to vary the terms of a written instrument. Such contention is without merit. It is well settled that a parol trust may be engrafted on a deed absolute on its face. Neyland v. Bendy, 69 Tex. 711, 7 S. W. 497; Williams v. Emberson, 22 Tex. Civ. App. 522, 55 S. W. 595; Burns v. Ross, 71 Tex. 516, 9 S. W. 468. Such proof does not proceed upon the theory that the deed is not the conveyance it purports to be. Graves v. Graves (Tex. Civ. App.) 232 S. W. 543. Under the findings of the jury in the instant case, the conveyance of the note from John F. Renfro to his wife changed the legal title of the note from the husband to the wife so that the latter became the managing trustee for the community as to such note. It did not change the beneficial ownership of the property. It remained community property, as it had theretofore been.

█ Appellant attacks the judgment on the further ground that the transfer was made in fraud of creditors and, therefore, a court will not relieve the defendant against the transfer. This contention is based upon the testimony of the defendant to the effect that his reason for transferring the note to his wife was that he, with other parties, was at the time indorser on the county depository bond of a bank, and that he feared in case the bank became insolvent it would break him up and he hoped to save something for him and his wife for their old age. The defense was not available to plaintiff because she did not plead it. It is now well settled that in a suit to recover property conveyed in trust for

a fraudulent purpose actuating the person making the conveyance, to be available as a defense the fraudulent purpose must be specifically alleged in the pleadings and unless so alleged no amount of proof of such purpose will defeat recovery. Rogers v. Rogers (Tex. Com. App.) 240 S. W. 1104, and cases cited.

■ At a former day of this term we reversed and remanded this case on the ground that plaintiff's petition did not state a cause of action for divorce, in that it merely alleged in very general terms, a course of cruel treatment "of such a nature as to render the further living together of the plaintiff and the defendant as husband and wife wholly insupportable." Our holding was based upon the rule announced by our Supreme Court in the early case of Wright v. Wright, 3 Tex. 168, and since followed by a long line of decisions of our courts, to the effect that such a general plea is insufficient to admit proof of specific acts of cruelty relied upon as grounds for divorce. See McAlister v. McAlister, 71 Tex. 695, 10 S. W. 294; Snyder v. Snyder (Tex. Civ. App.) 279 S. W. 897; Stephens v. Stephens (Tex. Civ. App.) 281 S. W. 1096; Rowden v. Rowden (Tex. Civ. App.) 212 S. W. 302; Claunch v. Claunch (Tex. Civ. App.) 203 S. W. 930. In making the holding we overlooked the recent case of McCullough v. McCullough, 120 Tex. 209, 36 S.W.(2d) 459, where our Commission of Appeals, section A, in an opinion adopted by the Supreme Court, announced a contrary rule. In view of the holding in the McCullough Case, our former judgment is erroneous. Appellant's motion for rehearing against that judgment is, therefore, granted. Upon the merits, the judgment of the trial court is affirmed.

### On Rehearing.

■ In her motion for rehearing appellant vigorously attacks our holding that the defense of fraud in the transfer of the note to her was not available because she did not plead it. In that connection counsel contend that it was unnecessary for appellant to plead that the note was transferred in fraud of creditors because appellee pleaded it. Such contention is not borne out by the record. Appellee, as defendant, merely pleaded that his conveyance of the note to plaintiff was "with the understanding by and between the parties that the proceeds of the note were to be preserved by Arkansas Renfro, plaintiff herein, and were to be used for the care and support of the said Arkansas Renfro and John F. Renfro when they had reached the age that they were no longer self-supporting." There is not a hint or suggestion in appellee's pleadings that fraud or any improper motive prompted the transfer. And no inference that appellee intended to plead that the transfer was in fraud of creditors should be indulged. His pleading should be construed, if possible, so as to assert a cause of action for recovery of his community interest in the property. Rogers v. Rogers, supra. The opinion of the Commission of Appeals in the Rogers Case, which was adopted by the Supreme Court, fully disposes of this contention.

■ Nor did appellant take the position in the trial court that the transfer was fraudulent. On the contrary, she contended by pleading and by her testimony that the transfer of the note was bona fide and, therefore, she should recover it as belonging to her separate estate. That issue having been determined against her in the trial court, she would now recover in this court on the theory that the transfer was not bona fide but fraudulent. An appellant may not thus shift his cause of action in the appellate court so as to recover in that court upon a theory wholly different from that upon which he joined issue and tried his case.

The motion for rehearing is overruled.