**CURRY v. CURRY.**

No. 8794.

Court of Civil Appeals of Texas. Austin.

Nov. 30, 1938.

Robert B. Thrasher, of Austin, for appellant.

Powell, Wirtz, Rauhut & Gideon and Homer Thornberry, all of Austin, for appellee.

McCLENDON, Chief Justice.

This is a divorce suit brought by the wife on the ground of cruel treatment. The judgment, upon a special issue jury verdict, was in favor of the wife decreeing her a divorce and awarding to her the custody of their only child, a daughter, twelve years old. The husband has appealed.

The case is briefed for appellant upon two points, each supported by two propositions.

Point 1 complains of the overruling of a general demurrer to appellee's petition.

First proposition under this point asserts that the petition does not allege

a marriage with appellant subsisting at the time the suit was filed. The proposition is without merit. The petition alleges a valid legal marriage May 13, 1923; it relates the birth of their daughter in 1924; it narrates in general terms a course of conduct by appellant toward appellee up to an alleged separation in 1936; it alleges that appellee has at all times while married to appellant been a dutiful wife; that she cannot longer live with him on account of his unbearable conduct; and the prayer is for a divorce and the custody of the child. While there is no specific affirmative averment that the marital relation was still subsisting at the time of the divorce, no other inference could be drawn from the petition. This is especially true in view of the fact that the marital relation could not be legally severed except by death or divorce; and the presumption that when marriage is once established its continuance is presumed until the contrary is shown. Lopez v. Ry., Tex.Civ. App., 222 S.W. 695. The exact point here involved was ruled adversely to appellant's contention in Busby v. Busby, Tex.Civ. App., 64 S.W.2d 392.

■ Proposition 2 under point 1 is to the effect that the petition is insufficient because it "contains only general charges consisting of conclusions and generalities, unsupported by date, fact or circumstance." Conceding, arguendo, that the proposition correctly analyzes the petition, it is not well taken. The applicable rule was thus announced in McCullough v. McCullough, 120 Tex. 209, 36 S.W.2d 459, 462: "We hold that a divorce granted by a court of competent jurisdiction on a petition which merely alleges the defendant has been guilty of such excesses, cruel treatment, and outrages against the plaintiff of such a nature as to render their further living together insupportable, is good against a general demurrer. Of course such an allegation, in a way, is the pleading of a conclusion when tested by proper special exception, but, when tested by a general exception, it is a sufficient allegation of a fact, to authorize the district court to hear the evidence, and on which a valid decree of divorce may be awarded."

The petition does, however, allege some specific acts of cruelty, in addition to the general allegations.

Point 2 complains of the refusal of the trial court to direct a verdict in favor of appellant.

Proposition 1 under point 2 asserts that the evidence conclusively shows that appellee resided in Calhoun county for more than six months immediately prior to filing the suit, and that her residence in Travis county during that period was only temporary. R.C.S. Art. 4631, Vernon's Ann. Civ.St. art. 4631.

■ The suit was filed June 3, 1937. The evidence shows that in September, 1936, after appellee had recovered sufficiently from an operation, she separated from appellant and came to Austin where she was employed in the Democratic State Headquarters and in the Legislature as a stenographer. She returned to Port Lavaca in November to bring her daughter to Austin to live with her. Since then she had continuously lived in Austin until after the suit was filed, employed all the while as stenographer. She never returned to her home with appellant, and the separation was permanent. The evidence conclusively showed an actual, physical residence of appellee in Travis county during the entire six month period; and was clearly sufficient to support a finding that she was a bona fide resident of the county during that period within the terms of the statute. When she permanently left her husband under what we hold sufficient provocation, she was free to choose her own residence. See Michael v. Michael, 34 Tex.Civ.App. 630, 79 S.W. 74; 15 Tex. Jur. pp. 533–538, §§ 73–75.

■ Moreover, it may be seriously questioned whether this issue can be raised by a request for a directed verdict. The proper judgment where the requisite residence is not shown would be dismissal of the suit, not a denial of the divorce which would be the effect of a directed verdict in favor of appellant.

■ Proposition 2 under point 2 challenges the sufficiency of the evidence as a matter of law to sustain a judgment for divorce. The McCullough Case, above, lays down the general rule that neither physical violence nor mental cruelty calculated to impair the health of the wife is essential. After a careful review of the decisions the opinion reads [page 463]:

"We therefore hold that the excesses, cruel treatment or outrages provided in our statute as a ground for divorce are sufficient if they are of such a nature as to render further living together insupportable, and that without regard to whether

such treatment is of such a nature as to threaten the impairment of the physical health of the wife. Of course the sacredness of the marriage relation should be kept in view, and divorces should not be granted on trivial matters or disagreements."

 Tested by this rule, and viewing the evidence most strongly in support of the judgment, we hold it sufficient to support it.

The statement of facts is quite voluminous when considered in the light of the issues involved. The evidence is in some respects obscure and the testimony difficult to follow. However, viewed from appellee's standpoint, the following resume may fairly be gleaned from the evidence. Appellee had been previously married, and had two children by that marriage, a boy and a girl, aged respectively about eight and six years at the time of her marriage to appellant in May, 1923. Her daughter by appellant was born in August, 1924. Appellee testified that appellant was addicted to the excessive use of intoxicants and shortly after their marriage he began a course of vexatious nagging which became so unbearable that she had to leave him about eight months after her child was born. They remained separated some two and one-half years. After she returned to him his previous general course of conduct toward her continued until in 1935 she brought suit for divorce. This suit was later dismissed. His ill conduct toward her, however, never abated, and culminated in his requiring her in the summer of 1936 to get up out of her sick bed, after an operation, and cook a meal for him, when she was physically in no condition to do so. As soon as she was recovered, in September, 1936, she left him permanently and came to Austin. While there were objections to some of this testimony, no error is assigned upon its admission. The above evidence is sufficient to support the judgment. There were a number of circumstances testified to which, while not sufficient in themselves to support a decree for divorce, were evidentiary in support of appellee's other testimony. Among these were appellant's intemperance, his extravagant habits, his failure to contribute to the support of appellee and their daughter, thus finally casting the entire burden of such support upon appellee. One other circumstance might be noted as tending to show appellant's attitude toward appellee. At one time he intercepted a letter written by appellee to her brother's wife. In the trial appellant offered an isolated sentence in this letter, and sought by cross examination of appellee to draw inferences therefrom of an insulting nature. The letter was not fairly susceptible of any reflection upon appellee's character, and the insinuations implicit in the cross examination of appellee have no support whatever in the testimony.

The trial court's judgment is affirmed.

Affirmed.