## SLOAN v. SLOAN.
### No. 2908.

Court of Civil Appeals of Texas. Waco.

March 9, 1950.

Joe Tunnell, Grand Saline, for appellant.

Wynne & Wynne, Wills Point, for appellee.

TIREY, Justice.

This is a divorce suit (nonjury). The trial court's judgment was in favor of plaintiff and granted her a divorce and awarded to her the care and custody of the two minor children, with the right to the husband to visit the children. At the request of defendant the trial court filed his findings of fact and conclusions of law, and upon the further request of defendant made additional findings of fact, but refused to make any further conclusions of law as requested by the defendant and adhered to the conclusions of law previously filed.

Point 1 assails the judgment of the trial court in its failure to sustain his special exceptions to appellee's original petition. Defendant's exceptions are substantially to the effect (1) because the plaintiff's original petition does not allege any specific act of cruelty against which he is expected to defend, and because the allegations as to cruel treatment, excesses and outrages contained

in paragraph 3 are not specific enough to enable defendant to properly prepare his defense; and (2) because the allegations contained in paragraph 5 "that he has made constant threats to take her life and to do her serious bodily harm and injury" does not state the time, place, manner and circumstances of the occurrence of any such threats or the nature of any such threats, and for this reason defendant is not able to properly prepare his defense.

We find that paragraph 3 in plaintiff's petition is: "Plaintiff alleges that all times during the existence of such marriage relationship she has conducted herself with propriety and performed her marital duties and obligations toward the defendant with the best of her ability, but the defendant, unmindful of the solemnity of his marriage vows, began a course of cruel treatment and neglect toward this plaintiff, which treatment and neglect have grown gradually worse and finally resulted in the separation of the parties. Plaintiff alleges that the defendant has been guilty of such excesses, cruel treatment and outrages toward this plaintiff as to render their further living together entirely insupportable."

Paragraph 3-a in said petition is as follows: "Amplifying the foregoing allegations of cruel treatment, plaintiff avers that the defendant is neglectful and abusive, neglectful in that he had no respect or consideration for or of her wishes, desires and wants, but always selfish in his demands, wishes, and desires, even to the point now where he does not care for her but only wants to satisfy his own egotistical pride; abusive in that he always made demands on her of all nature and kind. This is not the first separation but because of his selfishness and his abusiveness she was forced to leave him before but listened to his promises and persuasions and went back, only to be faced with the same dilemma, the desire to loaf rather than the zeal to work. The selfishness with which they could live upon her funds rather than upon his efforts culminated in her finally having to assert herself again that it would be necessary to separate, and when mention was made of this the defendant boldly threatened to take her life and to kill her, thereby putting her in

dread and fear, and forcing her to await an opportunity to sneak out of the house and seek and find the refuge of the courts by the employment of counsel, only to find that the defendant had trailed her to the very office of the attorney of her choice, she believing that he was intending to carry out his threats of violence so made, and putting her in grave fear of life and limb, to such an extent that she went into a state of extreme nervousness from fright and from fear, and that plaintiff is still at this time in great bodily fear of the defendant and of his threats to end her life, if necessary, to keep her from obtaining a divorce and from separating from the defendant, although she has told him time and time again that it is impossible for her to live with him to be subjected to the demands that he makes of her."

Paragraph 5 is as follows: "Plaintiff would further allege and show unto the court that she is bodily afraid of the defendant. That he has made constant threats to take her life and to do her serious bodily harm and injury, and because of this the defendant should be restrained from interfering with, molesting or in any other way or manner communicating with or bothering the plaintiff or interfering with her in the custody of the children pending the final determination of this cause."

There is no exception to paragraph 3-a. It is true that the transcript shows an affidavit by counsel for appellant to the effect that paragraph 3-a was not in the plaintiff's pleading, but since the clerk's certificate in the transcript is regular and certifies as to the instruments shown in the transcript, we must consider paragraph 3-a as a part of the original pleading. The effect of the foregoing is that paragraph 3-a was not challenged by exception, and point one becomes immaterial and passes out of the case.

We find that the petition alleges the statutory grounds for divorce under subdivision (1) of Art. 4629, Vernon's Ann. Civ.Stats. We also believe that this cause is ruled by the pronouncement of our Supreme Court in McCullough v. McCullough, 120 Tex. 209, 36 S.W.2d 459, points 1 and 2,

page 462. The McCullough case has been consistently followed to this day. See Black v. Black, infra; also Blackburn v. Blackburn, Tex.Civ.App., 163 S.W.2d 251; Finn v. Finn, Tex.Civ.App., 195 S.W.2d 679, Finn v. Bond, 145 Tex. 244, 197 S.W.2d 108. Since general demurrer was abolished under the new rules, and since paragraph 3-a was not challenged by exception, and since plaintiff's petition states matters showing the jurisdiction of the District Court of Van Zandt County, we think under the foregoing rule the pleading is sufficient to authorize the District Court to hear the evidence and on which it entered a valid decree of divorce.

Point 2 is: "The evidence admitted in this case is insufficient to support the findings and judgment of the trial court."

Pertinent to this discussion the trial court in his original findings found substantially: (1 and 2) that plaintiff and defendant were married on May 9, 1936 and lived together as husband and wife until May 27, 1949; (3 and 4) that plaintiff had been an actual bona fide inhabitant of the State of Texas twelve months next preceding the filing of this suit and that she had been an actual bona fide resident of Van Zandt County for more than six months next preceding the filing of this suit; (5 and 6) that plaintiff, because of the neglect and abuse inflicted upon her by her husband, determined to separate from the defendant and when she mentioned it to him on the 27th of May, 1949 he threatened to take her life and put her in great fear of physical violence and bodily harm and caused her to become highly nervous; that she immediately sought her attorney and employed him to institute suit for divorce and for restraining order in order that she might be protected from any violence of defendant; (7, 10 and 11) that defendant followed plaintiff to the office of her attorney and again put her in great mental fear and that the threats of violence toward plaintiff by defendant were such as to put her in great bodily fear and highly nervous state and that she is still afraid of him and afraid that he will carry out his threats of violence and take her life,

and that such conduct of defendant toward plaintiff is of such a nature as to render their living together as husband and wife insupportable. The court in his additional findings pertinent here found: (1) "I find that the evidence on behalf of plaintiff is full and satisfactory to show sufficient and ample cruel treatment and misconduct on the part of defendant toward plaintiff to be of such nature as to render the living together of the parties further * * * insupportable."

Appellant's position on this point is stated briefly by him, wherein he says: "In the case under consideration, the appellee was granted a divorce, based solely upon her uncorroborated testimony, which was contradicted by the appellant on every material issue. It is seriously contended that appellee's testimony, if true, and considered in the light most favorable to her cause, fails to meet the requirement of full and satisfactory evidence required by Art. 4632, Vernon's Ann.Civ.Stats., for dissolving the marriage relation. It is contended also that appellee's testimony does not warrant the findings of the trial court." This contention has been decided adversely to appellant. This exact question was before this court in Black v. Black, Tex.Civ.App., 185 S.W.2d 476, and we cited the leading cases discussing this question at the time that opinion was rendered. See points 3 and 4, 185 S.W.2d at page 478. The trial court in the case at bar was the trier of the facts and he had the opportunity to see and hear the witnesses and to pass upon their credibility. Since the appellee testified to the effect that the appellant threatened to kill her and put her in great fear of her life, it was the duty of the trial court, if he believed her statement to be true, to make the finding that he did make on this matter, and it was certainly sufficient to entitle her to a divorce. We have carefully read the testimony tendered and we think it is sufficient to support the findings of the trial court, and, so believing, it is our duty to sustain the decree of the trial court.

Accordingly, the judgment of the trial court is in all things affirmed.