**BURKS v. BURKS.**

No. 15366.

Court of Civil Appeals of Texas.
Fort Worth.

Oct. 10, 1952.

Rehearing Denied Nov. 7, 1952.

Franklin R. Valentine, Sr., and Franklin R. Valentine, Jr., both of Waco, for appellant.

Frank B. Tirey, Sr., and Frank B. Tirey, Jr., both of Waco, for appellee.

RENFRO, Justice.

This is an appeal from a judgment granting appellee, Henry L. Burks, a divorce. Although duly served with citation, the appellant, Mary J. Burks, did not file an answer. Two days after judgment was rendered, appellant filed a motion for new trial.

The sufficiency of the evidence to uphold the judgment is not questioned.

The appellant presents as point of error No. 1 that fundamental error was committed by the court in granting the judgment because the pleadings were insufficient.

The transcript shows that appellee plead the statutory grounds for divorce for cruel treatment under Article 4629, subdivision (1), R.C.S., Vernon's Ann.Civ.St. art. 4629 (1).

The appellant relies upon the rule announced in Wright v. Wright, 3 Tex. 168, in which the Supreme Court held that a general demurrer was good as to a petition for divorce wherein specific acts of cruelty were not alleged. This holding was followed in Rowden v. Rowden, Tex.Civ.App., 212 S.W. 302; Yaw v. Yaw, Tex.Civ.App., 81 S.W.2d 266, and other cases.

We find, however, that in McCullough v. McCullough, 120 Tex. 209, 36 S.W.2d 459, 462, the Commission of Appeals, in an opinion adopted by the Supreme Court, laid down the following rule: "In this connec-

tion we hold that a divorce granted by a court of competent jurisdiction on a petition which merely alleges the defendant has been guilty of such excesses, cruel treatment, and outrages against the plaintiff of such a nature as to render their further living together insupportable, is good against a general demurrer. Of course such an allegation, in a way, is the pleading of a conclusion when tested by proper special exception, but, when tested by a general exception, it is a sufficient allegation of a fact, to authorize the district court to hear the evidence, and on which a valid decree of divorce may be awarded."

This court in Davis v. Davis, Tex.Civ. App., 108 S.W.2d 681, 686, took cognizance of the decision in the McCullough case and announced "we feel compelled to follow this decision."

The rule in the McCullough case has been expressly followed in Renfro v. Renfro, Tex.Civ.App., 80 S.W.2d 348; Curry v. Curry, Tex.Civ.App., 122 S.W.2d 677; Green v. Green, Tex.Civ.App., 45 S.W.2d 331; Sloan v. Sloan, Tex.Civ.App., 228 S.W.2d 294; Radford v. Radford, Tex.Civ. App., 42 S.W.2d 1060; Skop v. Skop, Tex. Civ.App., 201 S.W.2d 77, and numerous other cases.

We hold that under the rule announced in the McCullough case a divorce petition which alleges the statutory grounds for divorce for cruel treatment is sufficient unless challenged by special exception.

Since the petition in question set out matters showing jurisdiction of the district court of McLennan County, we think fundamental error was not shown and therefore overrule appellant's point of error.

The appellant contends in point No. 2 the case should be reversed because appellant's failure to answer was caused by fraudulent statements made to her by appellee.

On the hearing on the motion for new trial, the appellant testified that shortly before the divorce was granted the appellee told her that there would "be no court" and he was not going ahead with the divorce and relying upon such statement, she did not file an answer.

228

The above testimony was categorically and specifically denied by the appellee. The trial court filed no findings of facts. We must presume that the court found against the appellant on the conflicting evidence. When the evidence is conflicting on matters urged in a motion for new trial, the appellate courts are bound by the decision of the trial court. Boddeker v. Olschewske, 127 Tex. 598, 94 S.W.2d 730; Comer v. Farrell, Tex.Civ.App., 48 S.W.2d 452; 3–B Tex.Jur., p. 470, sec. 945.

The judgment of the trial court is affirmed.