## PARRISH v. PARRISH.

### No. 10226.

Court of Civil Appeals of Texas.

Austin.

May 12, 1954.

———◆———

Rankin, Kilgore & Cherry, Edinburg, for appellant.

Cox, Brown & Daniel, Temple, for appellee.

ARCHER, Chief Justice.

This is an appeal from a judgment of the District Court granting appellee a divorce, and is before this Court on two points assigned as error, and are that the Court erred in holding that the allegations in appellee's petition were sufficient, and in holding that the appellee established in a clear, convincing manner proof of cruel treatment on the part of appellant to render the living together of the parties insupportable constituting grounds for a divorce.

Appellee instituted this suit for a divorce on the grounds of cruel treatment alleging that the parties were married on June 30, 1951, and lived together until on or about the —— day of October, 1951; that by reason of the acts and conduct of defendant she was compelled to leave him; that she was a kind and dutiful wife; that defendant, shortly after their marriage began and pursued a course of harsh, unkind and tyrannical conduct toward plaintiff; that defendant demanded that plaintiff lend him money from her separate estate, and actually got $36,000, and that when plaintiff refused to let him have $25,000 more, defendant became very indignant and refused to have anything to do with plaintiff and upon return from a trip to Mexico City refused to make any explanation of his whereabouts; that defendant would not pay household bills; that because of the acts plaintiff became extremely nervous and near prostration, losing weight and as a direct result was forced to be hospitalized, and underwent a major operation; that defendant showed no interest in her welfare and no affection or love for her; that such acts and conduct were of such nature as to render their further living together insupportable. That no children were born to the parties and that there is pending in the District Court in Hidalgo County a suit involving certain property rights and that it is not necessary for the court in which this divorce suit is pending to make any decree with respect to the property rights, and sought a divorce on the grounds of cruel treatment.

Defendant filed an answer by way of special exceptions as to the sufficiency of the pleadings, and a general denial.

The case was tried before the court without the aid of a jury and a divorce was granted plaintiff and her former name restored.

In response to a request by defendant the court made findings of fact and conclusions of law.

The court found that defendant constantly demanded that plaintiff lend him money, and that when plaintiff refused to lend him an additional $25,000 defendant from that time on refused to have anything to do with plaintiff, and went to Mexico City without making any explanation for going, and that defendant refused to pay household bills and showed no interest in plaintiff's welfare while she was hospitalized; that the further living together of the parties is insupportable.

The court concluded as a matter of law that plaintiff was entitled to a divorce because of the unkind and cruel acts and conduct on the part of defendant toward plaintiff.

The plaintiff testified as to her name and residence, and of her marriage to defendant, and that they separated November 9, 1951; that she tried to make a go of the marriage.

That not long after their marriage defendant left plaintiff alone on a farm all night; that she did not know any of the neighbors and on his return he told her he had been playing poker; that this act had to do with relations as between her and her husband. Plaintiff testified that she loaned her husband large sums of money. That the defendant requested an additional loan of $25,000 which she refused, but that defendant kept insisting on the loan, and left home shortly afterwards and went to Mexico City for about a week and made no explanation of his conduct or his whereabouts upon his return.

Plaintiff testified that defendant paid no part of the household bills and that defendant told her repeatedly that if she had not denied him the loan that relations would have been different.

Plaintiff testified that the acts and conduct of defendant toward her affected her physical condition, and that she became ill, and that the acts of defendant in berating her for failure to make the loan made her extremely nervous, and that she went to a hospital and had to have an operation brought on by nervousness; that the defendant did not 'phone to or come to see her while she was ill and that in January, 1952, she formed a specific intention not to return to defendant; that because of the acts and conduct of the defendant it would be an impossibility for them to live together.

On cross-examination plaintiff testified as to automobile accidents, but in which the defendant was not included and did not assist her in connection therewith.

The defendant did not testify.

Article 4629, V.A.C.S., provides that a divorce may be had where either party is guilty of excesses, cruel treatment, etc.

■ We believe that plaintiff's petition was sufficient as against the special exceptions.

We have set out parts of the pleading we believe to meet the requirements of such a pleading.

McCullough v. McCullough, 120 Tex. 209, 36 S.W.2d 459, Sec. A; Renfro v. Renfro, Tex.Civ.App., 80 S.W.2d 348; Curry v. Curry, Tex.Civ.App., 122 S.W.2d 677; Blackburn v. Blackburn, Tex.Civ.App., 163 S.W.2d 251; Burks v. Burks, Tex.Civ. App., 252 S.W.2d 226.

■ We believe that the testimony of the plaintiff, which was not contradicted, was clear and convincing and was evidence of cruel treatment and formed a basis for the judgment granting the divorce on the grounds that further living together as husband and wife was insupportable.

The trial court saw the demeanor of the witness and heard her testimony and was in a position to determine the credibility of the witness, and was justified in entering the judgment. Robinson v. Robinson, Tex. Civ.App., 235 S.W.2d 228, and cases therein cited.

The judgment of the trial court is affirmed.