Byron G. KOLLENBORN, Appellant,

v.

Kay KOLLENBORN, Appellee.

No. 15566.

Court of Civil Appeals of Texas.

Fort Worth.

Nov. 26, 1954.

Rehearing Denied Dec. 31, 1954.

James L. Mitchell, Dallas, for appellant.

Dee Brown Walker, Dallas, for appellee.

RENFRO, Justice.

Appellant Byron G. Kollenborn brought suit against appellee Kay Kollenborn for a divorce and custody of twin boys eighteen months of age, and for division of the community property. Appellee filed a cross-action praying for a divorce and custody of

the children, temporary child support and alimony, and for division of the property.

Trial was to the court on January 25, 1954, resulting in a judgment of divorce in favor of appellee on her cross-action; an award of custody of the children to her; an order that appellant pay the sum of $150 per month for support of the above children until they reached their eighteenth birthday; and, in the event of appeal, appellant should pay appellee the sum of $400 a month as temporary child support and alimony pending final disposition of the cause.

By points one and three, appellant alleges error on the part of the court in granting divorce to appellee and in denying divorce to appellant, because he alleges the evidence was insufficient to establish grounds for appellee and clearly established grounds for appellant.

■ Both parties introduced a great amount of testimony detailing the conduct of each toward the other during their marital relationship. Appellee's testimony charges appellant with acts and conduct toward her ranging from mildly reprehensible to revolting and repulsive. No good purpose would be served in detailing her testimony. We merely quote a part of the trial court's findings, wherein he found "that the Cross-Defendant during the marriage of the parties often struck and beat the Cross-Plaintiff, chased her up and down the streets near their home, struck her in public and did on December 24, 1952 strike her on a public street near the home of the parties, tore her coat from her body and abused her, causing her to flee from her home, and Cross-Defendant committed acts of a personal nature toward the Cross-Plaintiff, which greatly upset her and required that she have hospitalization and medical attention, but at the trial of this case, Cross-Plaintiff is fully recovered from her illness and is a person of sound mind."

We overrule the points of error.

■ Points seven and nine allege error on the part of the court in allowing certain testimony because there were no pleadings to support same.

Appellee, in addition to pleading certain specific acts of cruelty, etc., plead the statutory grounds for divorce under subdivision 1 of Article 4629, R.C.S., Vernon's Ann.Civ. St. Appellant did not except to appellee's cross-action. The Supreme Court, in McCullough v. McCullough, 120 Tex. 209, 36 S.W.2d 459, held that such an allegation in the absence of an exception is sufficient and is a sufficient allegation of a fact to authorize the district court to hear the evidence and on which a valid decree of divorce may be awarded.

The McCullough case has been followed in Renfro v. Renfro, Tex.Civ.App., 80 S.W. 2d 348; Curry v. Curry, Tex.Civ.App., 122 S.W.2d 677; Green v. Green, Tex.Civ. App., 45 S.W.2d 331; Sloan v. Sloan, Tex. Civ.App., 228 S.W.2d 294; Radford v. Radford, Tex.Civ.App., 42 S.W.2d 1060; Skop v. Skop, Tex.Civ.App., 201 S.W.2d 77; Davis v. Davis, Tex.Civ.App., 108 S.W.2d 681; Burks v. Burks, Tex.Civ.App., 252 S. W.2d 226, and numerous other cases.

The points of error are overruled.

Appellant contends the court erred in awarding custody of the children to appellee, arguing that the undisputed evidence shows that awarding custody to appellee was not for the best interest of the children.

The evidence shows that prior to May, 1953, appellee was excessively addicted to the use of alcohol.

Appellee admitted that she did drink but denied that she was an excessive drinker. The witness, Dr. Hamilton, testified he first saw appellee as a patient in March, 1951; at that time she was suffering from asthmatic bronchitis; in addition, he treated her for colds and hemorrhoids and a nervous condition until the middle of May, 1954, at which time he advised her to have psychiatric treatment; he did not consider her of unsound mind. He testified that asthmatics are almost always intensified if there is an emotional disturbance as well. It was his

opinion that she should not have the care and custody of the children as of the time he last saw her, which was in May, 1953; that at the time of the trial, although he had not examined her, she looked well and that if she did not at the time of the trial have asthma her condition had improved to that extent; he declined to testify whether she was or was not in position to care for the children at the time of the trial.

Dr. Burkett, called by appellant as a witness, testified that appellee was admitted to Timberlawn Sanitarium under his professional care on the 21st of May, 1953, and remained as an in-patient until June 19, 1953, when she was discharged against his advice. He testified she did make some superficial response but at the time she left the hospital she had not responded as much as the average patient in an acute illness responds. He testified that her illness was a type paranoid schizophrenia, that such illness will get better and get worse, that the one thing predictable about schizophrenia is its unpredictability. He, too, refused to say that she was insane. He had not seen her since June, 1953. He testified that if she was able to drive approximately one hundred miles from the place where she was staying back and forth for treatment, had cared for the twins as a mother would and had so continued down to the date of the trial that her condition had probably improved. He was of the opinion that as of the time he last-saw her she was not a proper person to have custody of the children.

After leaving the Timberlawn Sanitarium, appellee went immediately to Mayo Clinic at Rochester for a ten day period. From Mayo's, she was to Glenwood Hills Hospital in Minnesota, about one hundred miles from her parents' home, where she stayed two weeks and where she was given a "rest" treatment. She was released from Glenwood Hills Hospital on July 14th. She continued to see a doctor until the latter part of November or early part of December, when she was released as a patient; in her words, "treatment completed."

The testimony of appellee and her mother shows that appellee, since her release from the Glenwood Hills Hospital, has been caring for the children, with some help from her mother. Appellee is living with her parents on the farm where her father was born. Her parents express a willingness to take the children into their home. The record discloses they are people of integrity, both of whom have held positions of honor and trust in their community over a long period of years. Appellee's mother is a university graduate and a former school teacher. Appellee is a university graduate and has had considerable business experience. Her marriage to appellant was her only marriage. Appellee was appellant's third wife; he has two children by his second wife who live in the home with him and he is assisted in their care by a housekeeper.

Appellee testified she has not had asthma since she went to Minnesota, she has had a successful hemorrhoidectomy, and that her health has been steadily improving; and in this she is corroborated by her mother.

[3,4] It has been repeatedly held that a child of tender years should be with the mother if she is a fit person therefor. Sims v. Cole, Tex.Civ.App., 264 S.W.2d 185; 4 Tex.Jur., 10 year Supp., p. 363; Spell v. Green, Tex.Civ.App., 200 S.W.2d 713.; A very clear case of abuse of discretion must appear before the appellate court will interfere with the trial court's judgment awarding custody of minor children.

The trial court observes the manner and general deportment of witnesses during the trial and is better able to weigh the evidence than the appellate court; hence, deference should be given to the judgment of the trial court in passing on the credibility of the witnesses and the weight to be given their testimony. The trial court's judgment will not be disturbed unless it is so contrary to the great preponderance of the evidence as to show an abuse of discretion. Viewing the record as a whole, we cannot say that the trial court abused his

discretion in awarding custody of the children to appellee.

Appellant complains of the division of the community property because it did not credit appellant with temporary alimony paid during the suit.

■ The statute, Article 4638, R.C.S., Vernon's Ann.Civ.St., clearly vests discretion in the trial court in determining the proper division of the community estate of the parties. The court is not required as a matter of law to divide that estate equally between them. Carle v..Carle, 149 Tex. 469, 234 S.W.2d 1002. The amount of alimony was but a factor to be considered by the court in making an equitable division of the estate, considering the needs and conditions of the parties and all surrounding circumstances.

■ It is next contended by appellant that the award of attorney's fees has no support in the pleadings and the evidence is insufficient to support such an order.

We find that appellee's petition did contain a plea for attorney's fees. The statement of facts reflects that her attorney testified in detail as to his services in preparing for and trying the case. The point of error is overruled.

■ Appellant contends that the court erred in awarding appellee temporary custody of the children and temporary alimony prior to the trial of the case.

This appeal is from the judgment of January 25, 1954, on the merits. Even if the court erred in entering the temporary order, we see no materiality to this appeal. The same custody and alimony provisions were rendered in the suit on the merits.

■ Appellant's eighth point of error contends the trial court considered facts not presented at the trial of the cause and that the trial judge was biased and prejudiced against appellant.

We fail to find in the statement of facts wherein the trial judge considered evidence not in the record.

As one of his attempts to show bias on the part of the trial judge, the appellant cites the refusal of the trial court to hold appellee in contempt of court for not producing the children in court as ordered previous to the trial.

The record shows that the children were in Minnesota where the temperature was 34 degrees below zero when appellee left to attend the trial in Dallas, and that both were suffering from colds. A doctor's certificate was introduced certifying to the illness of the children. Under the circumstances, the action of the court in failing to hold appellee in contempt does not show bias or prejudice on the part of the judge.

■ By this tenth point of error, appellant contends the trial court erred in excluding testimony of appellee on the question of her mental attitude toward appellant when she left Dallas.

The trial court qualified appellant's bill of exception with a notation that the record is replete with testimony of witnesses contrary to what he stated he expected to show. The original suit for divorce by appellant and the cross-action by appellee were both filed long subsequent to the time appellee left Dallas. The answer sought was not material. Furthermore, the manner of the cross-examination and its extent must rest largely in the discretion of the trial court. Where the cross-examination is being unduly protracted, or is repetitious, the trial court may refuse further cross-examination.

By his last point, appellant attacks the findings of fact found by the trial court and complains of the court's refusal to find additional facts.

At the request of appellant, the trial court filed findings of fact and conclusions of law on March 23, 1954. Then at the request of appellant, the court, on April 1, 1954, filed forty-nine separate findings of fact, practically all being against the appellant. A careful examination of the record and the findings of facts shows that the material findings are supported by evidence of probative force.

The trial court's findings will be upheld on appeal unless manifestly erroneous and will be overruled by the appellate court only when they are not supported by any evidence of probative force or are so against the great weight and preponderance of the evidence as to be manifestly wrong.

Finding no reversible error in the record, the judgment of the trial court is affirmed.