S. E. HARRISON, Appellant,

v.

Amelia HARRISON, Appellee.

No. 14062.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 20, 1963.

Rehearing Denied March 20, 1963.

LeLaurin, Chamberlin, Guenther & Murry, San Antonio, for appellant.

Allan A. Black, H. L. Dillashaw, San Antonio, for appellee.

MURRAY, Chief Justice.

This is an appeal from a judgment granting Amelia Harrison a divorce from her husband, S. E. Harrison. The couple owned, as community property, a tract of land located on Highway 281 South, in Bexar County, Texas, and more particularly described as "Tract No. 16, in County Block 4163, out of Halliday Acres, a plat of which subdivision is recorded in Vol. 2222, Page 341, of the Deed and Plat Records of Bexar County, Texas."

The trial court awarded the entire tract, which was all the real estate that the parties owned, to the wife, Amelia Harrison, as her sole and separate property, and the husband, S. E. Harrison, was awarded certain personal property, from which judgment he has prosecuted this appeal.

Appellant contends that the court erred in vesting in appellee, Amelia Harrison, all the right, title and interest in and to the community real estate belonging to the parties, thereby divesting appellant, S. E. Harrison, of his title to the same, in violation of Article 4638, Vernon's Ann. Civ.Stats., which reads as follows:

"The court pronouncing a decree of divorce shall also decree and order a division of the estate of the parties in such a way as the court shall deem just and right, having due regard to the rights of each party and their children, if any. Nothing herein shall be construed to compel either party to divest himself or herself of the title to real estate."

We overrule this contention. That part of the above Article which provides that neither party may be required to divest himself or herself of the title to real estate does not apply to real estate which is a part of their community estate. McElreath v. McElreath, Tex., 345 S.W.2d 722; Hailey v. Hailey, 160 Tex. 372, 331 S.W.2d 299.

In divorce actions the trial court is vested with wide discretion in disposing of community property, and on appeal its judgment can be corrected only when an abuse of discretion is shown. Hedtke v. Hedtke, 112 Tex. 404, 248 S.W.2d 21, 23.

The exact question presented in this case was certified to the Supreme Court, by the El Paso Court of Civil Appeals, in the very recent case of Reardon v. Reardon, Tex., 359 S.W.2d 329, and answered by

that Court, speaking through Mr. Justice Norvell, in the following language:

"The question is squarely before us in this case and we hold that the proviso in Article 4638—'nothing herein shall be construed to compel either party to divest himself or herself of the title to real estate'—has no application to community real estate."

We do not have a statement of facts in this case, and therefore cannot possibly pass upon whether the division of the community property was so unfair and unjust as to show an abuse of discretion. Clark v. Clark, Tex.Civ.App., 362 S.W.2d 655; Guerra v. Guerra, Tex.Civ.App., 362 S.W.2d 421.

The judgment is affirmed.