Dan J. HAIDUK, Appellant,

v.

Eunice HAIDUK, Appellee.

No. 14156.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 20, 1963.

Rehearing Denied Jan. 8, 1964.

Elbert R. Jandt, Seguin, for appellant.

L. Sanborn McDowell, Floresville, Vandygriff, Presnal & Scofield, Austin, for appellee.

MURRAY, Chief Justice.

This suit for a divorce was instituted in the District Court of Wilson County, Texas, by Eunice Haiduk against Dan J. Haiduk. The case was tried before the court without the intervention of a jury and resulted in judgment granting the divorce, awarding all of the real estate and part of the personal property to plaintiff, and further awarding to her the custody of their two minor children, and requiring defendant to pay the sum of $200.00 per month for the support of the children; from which judgment the defendant, Dan J. Haiduk has prosecuted this appeal.

■ Appellant's first contention is that the general allegations in appellee's petition for divorce are insufficient. Such allegations read as follows:

"On or about the 1st day of April, 1962, Defendant disregarded the solemnity of his marriage vow, and of his obligation of kind treatment toward the Plaintiff, commenced a course of unkind, harsh and tyrannical treatment which continued with very slight intermissions until Plaintiff finally separated from the Defendant on May 1, 1962. On numerous occasions during said period of time, Defendant was guilty of excesses, cruel treatment and outrages toward Plaintiff, of such a nature as to render their further living together insupportable, in consequence of which Plaintiff's health has been impaired and it has become impossible for her to continue living with the Defendant."

The sufficiency of these allegations was not challenged by special exceptions or in any other way. Appellant filed a general denial and was represented at the trial by counsel of his own choice.

In the absence of special exceptions, the allegations were sufficient. Art. 4629, Vernon's Ann.Civ.Stats.; Rule 90, Texas Rules of Civil Procedure; McCullough v. McCullough, 120 Tex. 209, 36 S.W.2d 459; Burks v. Burks, Tex.Civ.App., 252 S.W.2d 226; Kollenborn v. Kollenborn, Tex.Civ. App., 273 S.W.2d 660; Sloan v. Sloan, Tex. Civ.App., 228 S.W.2d 294; Renfro v. Renfro, Tex.Civ.App., 80 S.W.2d 348.

■■ . Appellant next contends that the allegations of cruel treatment were not supported by clear and satisfactory proof. We overrule this contention. There was no request for findings of fact by the trial court, so we must view the evidence in a light most favorable to appellee. When this is done, we find the evidence sufficient, clear, and satisfactory.

The evidence shows that at the time appellee married appellant she had three children by a prior marriage, the oldest of whom was a daughter, fourteen years of age. Appellant would not agree for this daughter to live in their home, and she was forced to go and live with her father. There are two children by appellee's second marriage, a daughter, Patsy, who was fourteen years of age at the time of the trial, and a son, Danny, age six. Appellee belonged to one demonination and appellant to a different denomination, thus they often quarreled over church matters. Appellant did not want appellee to contribute to her church. She would sometimes give a check for more than the grocery bill, secure the balance in cash and contribute it to her church. She sometimes took money out of the cash register at their jewelry store and gave it to the church. She offered to go to his church one Sunday, if he would go with her to her church the next Sunday. This he refused to do. She worked in the jewelry store and desired to have a hand in the management of the finances, but he told her to stay in the front and wait on the customers, while he worked on clocks and watches in the rear and managed the business, that she was not qualified to assist in the management. On one occasion he locked up the business and disappeared. She had to get a lawyer and a court order to open the safe. She found $1,300.00 locked up in the safe, and took and deposited it in the bank, and issued checks on such funds for payment of bills of the business that were past due and urgently in need of being paid. This displeased him. She always put in full time at the store and worked hard in the business, but he ordered her not to take any money out of the cash register. They were constantly quarreling and fussing and having arguments. When her son, who is now six years of age, was born he stated he was not the baby's father. In 1958 he choked her over an inventory. She would make out orders for merchandise that her customers wanted, but he would not send in the orders, and it embarrassed her very much when her customers returned to pick up the merchandise. Finally, on the 11th day of June, 1962, he locked her out of the store and changed the combination on the safe. She then separated from him and brought this suit for divorce. There were other quarrels, misunderstandings and arguments. She admitted that she was hard headed and sometimes started the quarrels herself. She admitted taking over $600.00 worth of diamonds out of stock and hiding them in a place unknown to appellant for some time. He thought they had been stolen and reported it to the sheriff. Though she knew he was greatly worried, she did not tell him the whereabouts of the diamonds. She stated that she thought he was going to leave her, and she wanted the diamonds so she would have something for a new start. She testified that his conduct had been such that they could never live together as man and wife. She said he had not been a husband to her for more than a year before they finally separated.

The trial court, that heard the witnesses testify and observed their conduct in the court room, found the evidence full and satisfactory and granted the divorce. We are unable to say that in so doing it committed reversible error.

■ Appellant next complains because the trial court in awarding the real property to appellee described it by metes and bounds, while there is nothing in the evidence showing such description, and we do not know from whence the description of the land came, but the record does show that a pretrial was held and certain inventories of the property were filed. It is not shown that the descriptions are inaccurate in any way.

If the land awarded to appellee is not properly described and was not the land belonging to the community estate, it would seem that appellee would be the one to complain and not appellant. Appellant does not contend that the descriptions are not correct but only that they were not shown in the evidence. If this presents error, it is harmless error. Rule 434, T.R.C.P.

By his remaining points, appellant contends that the trial court erred in awarding all of the real property to appellee, and that the court thus divested appellant of the title to land which is prohibited by statute. Art. 4638, Vernon's Ann.Civ.Stats. It is now well settled that a trial court can divest title to community property out of one spouse and into the other. Reardon v. Reardon, 163 Tex. 605, 359 S.W.2d 329; Harrison v. Harrison, Tex.Civ.App., 365 S.W.2d 698.

The trial court did not abuse its discretion in requiring appellant to pay $100.00 per month for the support of each of the two minor children.

The judgment is affirmed.